IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2000

## MARK E. OLIVER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 99-5083C-I     Timothy L. Easter, Judge**

────────────

**No. M1999-02323-CCA-R3-PC - Filed December 28, 2000**

────────────

The petitioner, Mark E. Oliver, appeals as of right from the dismissal of his petition for writ of habeas corpus.  He contends that his original sentence of sixty years as a Range II offender for the offense of second degree murder is an illegal sentence because the trial court was without jurisdiction to sentence him under the Criminal Sentencing Reform Act of 1982.  We hold that the trial court lacked jurisdiction to sentence the petitioner under the 1982 Act; therefore, the sentence imposed is an illegal sentence.  We remand this case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Mark E. Oliver, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Ron Davis, District Attorney General; and Marvin E. Clements, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was originally indicted in Davidson County on one count of premeditated first degree murder for an offense that occurred on October 4, 1989.  On September 21, 1990, he pled guilty to one count of second degree murder.  Although the transcript of the guilty plea hearing is not in the record, it appears from the judgment that in exchange for his guilty plea, the petitioner received a sixty year sentence as a Range II offender with a release eligibility of 35% of his sentence.  In two places, the judgment reflects that the petitioner pled guilty "under the Old Law," which we interpret to mean he pled under the Criminal Sentencing Reform Act of 1982 (hereinafter the 1982

Act).[1] The petitioner asserts on appeal that he is entitled to habeas corpus relief because his sentence is illegal; he argues that under the Criminal Sentencing Reform Act of 1989 (hereinafter the 1989 Act), which was in effect at the time of his sentencing, the trial court lacked jurisdiction to sentence him under the 1982 Act. We agree.

Habeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a petitioner or that the sentence has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Our Supreme Court has recognized that a sentence imposed in direct contravention of a statute is void and illegal and thus subject to habeas corpus relief. See Stephenson v. Carlton, __ S.W.3d __, __, (Tenn. 2000).

When the petitioner was sentenced, the Criminal Sentencing Reform Act of 1989 was in effect. See Tenn. Code Ann. § 40-35-117. Pursuant to that Act, "[u]nless prohibited by the United States or Tennessee constitution, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions of this [Act]." Id. § 40-35-117(b). Our Supreme Court has maintained that sentencing is jurisdictional, and therefore it must be executed in compliance with the 1989 Act. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). Because the petitioner was sentenced after November 1, 1989 for an offense which occurred prior to that date, the statute mandated that he be sentenced pursuant to the 1989 Act.[2] See id.; Tenn. Code Ann. § 40-35-117(b).

In McConnell, our Supreme Court considered a similar issue to the one here. There, the petitioner pled guilty as a Range I offender pursuant to a plea agreement to one count of second degree murder and six counts of robbery by use of a deadly weapon. McConnell, 12 S.W.3d at 796. Although the offenses occurred in January 1989, the petitioner did not plead guilty until November 20, 1990; thus, the 1989 Act controlled his sentencing. Id. In exchange for his pleas, he received

---

[1] Although the judgment appears to indicate that the petitioner pled guilty under the 1982 Act, we note that he received a 35% release eligibility date, which was not an option under the 1982 Act. The release eligibility percentage for a Range II offender under the 1982 Act was 40%, while the release eligibility percentage for a Range II offender under the 1989 Act is 35%. See Tenn. Code Ann. §§ 40-35-501(d) (amended 1989), 40-35-501(d).

[2] We note that due to the ex post facto provisions of the Tennessee and United States constitutions, a petitioner sentenced after November 1, 1989 for an offense committed between July 1, 1982 and November 1, 1989 may not receive a greater punishment than he or she would have received under the 1982 Act. See Tenn. Code Ann. § 40-35-117 sentencing commission comments; State v. Pearson, 858 S.W.2d 879, 880 (Tenn. 1993). Thus, "a trial court imposing a sentence after the effective date of the 1989 statute for a crime committed before that date must calculate the appropriate sentence under both the 1982 sentencing statute and the 1989 Criminal Sentencing Reform Act, and then impose the lesser sentence of the two." Pearson, 858 S.W.2d at 880. In this particular case, however, the sentence was an agreed sentence. We see no reason for ex post facto considerations to come into play with an agreed sentence, so long as the agreed sentence imposed is not in excess of the maximum potential sentence under the 1982 Act. The maximum potential sentence under the 1982 Act for second degree murder was life imprisonment, or sixty years, with a release eligibility of 40%. See Tenn. Code Ann. §§ 39-2-212 (repealed 1989), 40-35-109(d)(1) (repealed 1989), 40-35-501(d) (amended 1989). Because the agreed sentence was not in excess of this maximum, there was no lawful reason for the trial court to sentence the petitioner under the 1982 Act.

a thirty-five year sentence for second degree murder, five concurrent ten year sentences for five of the robbery by use of a deadly weapon counts, and a thirty-five year sentence for the sixth robbery by use of a deadly weapon count, to be served consecutive to the murder conviction. Id. These sentence calculations, which resulted in an effective sentence of seventy years, were based on the 1982 Act rather than the 1989 Act. Id. Under the 1989 Act, the sentence range for a Range I offender for second degree murder, a Class A felony, is fifteen to twenty-five years, and the sentence range for a Range I offender for robbery by use of a deadly weapon, a Class B felony, is eight to twelve years. See id.; Tenn. Code Ann. § 40-35-(a)(1)-(2). Thus, the Supreme Court held that under the 1989 Act, the trial court was without jurisdiction to enter thirty-five year sentences for a Range I offender on convictions of second degree murder and robbery by use of a deadly weapon and that the sentences imposed on the petitioner were illegal. McConnell, 12 S.W.3d at 796, 800. Accordingly, it reversed the judgments of the trial court which imposed those illegal sentences. Id. at 800.

Interestingly, the Supreme Court in McConnell cited with approval its prior decision in Hicks v. State, 945 S.W.2d 706 (Tenn. 1997), a case which we find difficult to reconcile with McConnell. See id. at 797-800. In Hicks, the Supreme Court approved the process of using offender classification and release eligibility as plea bargaining tools. Hicks, 945 S.W.2d at 709. Thus, in exchange for a reduced charge, a petitioner could plead guilty as a Range II offender and receive a Range II sentence, even though his or her criminal history would not justify a Range II sentence. See id. at 707. Similarly, a petitioner could plead guilty as a Range II offender but receive the release eligibility of a Range I offender. See id. at 708-09. The Supreme Court held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id. at 709.

> After citing Hicks with approval, the Supreme Court in McConnell maintained that its decision today in no way alters the ability of the State and petitioners to use offender classification and release eligibility as subjects of plea bargain negotiations. These elements of plea bargaining have been and still are properly characterized as non-jurisdictional. However, we do maintain the distinction between the subjects of plea bargaining and the length of a sentence.

McConnell, 12 S.W.3d at 798. The court asserted that the "1989 Act establishes the outer limits within which the State and a petitioner are free to negotiate, and the courts are bound to respect those limits." Id. at 799.

Accepting this last statement as true, then the petitioner's sentence in McConnell for second degree murder was within the outer limits of the 1989 Act, and it would have been a permissible result under Hicks. Although his thirty-five year sentence was not permissible under Range I, which has a sentence range of fifteen to twenty-five years, the same result could have been reached had the petitioner pled guilty as a Range II offender, which has a sentence range of twenty-five to forty

years.[3] See Tenn. Code Ann. § 40-35-112(a)(1), (b)(1). Thus, it appears the distinction is that the parties couched their agreement in the sentence range terms of the 1982 Act, which resulted in an illegal sentence. Indeed, the Supreme Court in McConnell stated in a footnote, "The 1989 Act was clearly applicable when appellant pleaded guilty pursuant to the plea bargain agreement in November 1990. It is unclear then why the State did not structure the plea agreement to comply with the sentencing guidelines of the 1989 Act when this argument impliedly concedes that it could have done so." McConnell, 12 S.W.3d at 800 n. 8 (citation omitted). Therefore, because the parties stated in the plea agreement that the petitioner was pleading guilty as a Range I offender, he could not receive a sentence in excess of the Range I sentence maximum under the 1989 Act. See William Boyd v. State, No. E1999-02179-CCA-R3-PC, 2000 WL 1661526, at *4 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (commenting, "[I]t is immaterial if the resulting sentence is supportable as an offender-classification/release-eligibility function when the parties expressed their agreement in extra-jurisdictional terms. Under this view, McConnell's sentence was flawed because the parties couched the computation as an illegal function of the 1982 Act . . . .").

Looking now at the case at hand, the Petitioner's sentence would have been permissible under the 1989 Act and Hicks had he pled guilty as a Range III offender, which has a sentence range of forty to sixty years, with a Range II release eligibility, which is 35%. See Hicks, 945 S.W.2d at 709; Tenn. Code Ann. §§ 40-35-112(c)(1), 40-35-501(d). However, because he couched his agreement in terms of the 1982 Act and pled guilty as a Range II offender, the maximum sentence he could have lawfully received was forty years, the maximum sentence for a Range II offender for a Class A felony under the 1989 Act. See McConnell, 12 S.W.3d at 800; Tenn. Code Ann. § 40-35-112(b)(1). Thus, following the Supreme Court's dictate in McConnell, we hold that the Petitioner's sentence is an illegal sentence because the trial court lacked jurisdiction under the 1989 Act to sentence the Petitioner as a Range II offender to sixty years. Our resolution of this issue leaves the Petitioner's case pending in the Criminal Court of Davidson County, where further proceedings are warranted. Accordingly, we reverse the judgment of the trial court and remand this case to the Davidson County Criminal Court for further proceedings.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[3] The petitioner's thirty-five year sentence for robbery by use of a deadly weapon could not be reached by applying the 1989 Act. The maximum sentence for a Class B felony under the 1989 Act is thirty years. See Tenn. Code Ann. §§ 40-35-111(b)(2), 40-35-112(c)(2). Thus, this sentence was clearly outside the outer limits of the 1989 Act.