IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2001

## PARRISH L. JONES v. JAMES M. DAVIS, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 12395     Robert L. Jones, Judge**

---

**No. M2000-02252-CCA-R3-PC - Filed October 19, 2001**

---

The petitioner, Parrish L. Jones, appeals the denial of his petition for writ of habeas corpus, claiming that his sentences are illegal and void. Because the convicting court had no jurisdiction to impose an agreed upon sentence in excess of the statutory limits, the judgment is reversed and the cause is remanded for the grant of habeas corpus relief.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Parrish L. Jones, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; and Michael Tabor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Parrish L. Jones, pled guilty in Madison County on three different dates, September 29, 1989, October 26, 1989, and October 29, 1989, to three counts of armed robbery, Class X felonies. See Tenn. Code Ann. § 39-1-702 (repealed 1989). The convicting court imposed a concurrent sentence of 20 years on each count.

On June 23, 2000, the petitioner filed for a writ of habeas corpus in Wayne County, the place of his imprisonment, alleging (1) that his sentences had expired and (2) that the judgments were void because he was sentenced under the 1982 Sentencing Reform Act instead of the 1989 Sentencing Reform Act. The trial court dismissed the petition without an evidentiary hearing.

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or when he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment. . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

In this appeal of right, the petitioner claims that the trial court erred by denying his petition for writ of habeas corpus because his sentences are void on their faces. He submits that if he had been sentenced for aggravated robbery as a Range I offender under the 1989 Act, he would have received a sentence of 12 years at most. See Tenn. Code Ann. §§ 39-13-402(b), 40-35-112(a)(2). He maintains that his sentence would have already expired if he had been sentenced to the minimum on each sentence. In support of his claim, the petitioner cites State v. Pearson, 858 S.W.2d 879 (Tenn. 1993), wherein our supreme court ruled that defendants who are sentenced after the effective date of the 1989 Act for crimes committed before its effective date are entitled to the lesser of the sentences required after comparing the terms of the 1982 Act and the 1989 Act. The state contends that the defendant knowingly and voluntarily entered into the plea agreement, which was approved by the sentencing court prior to the effective date of the 1989 Act.

The 1989 Act provides that "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, *shall* be sentenced under the provisions of [the Act]." Tenn. Code Ann. § 40-35-117(b) (emphasis added). All of the offenses for which the petitioner is charged occurred between July 1, 1982, and November 1, 1989. Pursuant to agreement with the state, the defendant pled guilty to the offenses in September and October of 1989 and a received concurrent sentence of 20 years for each of the three counts. It was not until November 2, 1989, however, that the convicting court entered the judgments, one day after the effective date of the 1989 Act. As a result, the 1989 Act was applicable. A Range I sentence for aggravated robbery, a Class B felony, is from eight to 12 years. See §§ 39-13-402(b), 40-35-112(a)(2). The sentences that the convicting court imposed deviated from the provisions of the 1989 Act.

In McConnell v. State, 12 S.W.3d 795, 796 (Tenn. 2000), our supreme court addressed a similar issue. In McConnell, the petitioner pled guilty as a Range I offender to one count of second degree murder and six counts of robbery by use of a deadly weapon. Although the offenses occurred in January 1989, the petitioner did not enter guilty pleas until November 20, 1990, more than a year

after the effective date of the 1989 Act. In consequence, the act applied. Id. As a part of the plea agreement, the petitioner received a 35-year sentence for second degree murder, five concurrent 10-year sentences for robbery by use of a deadly weapon, and a 35-year sentence for the sixth count of robbery by use of a deadly weapon, to be served consecutively. Id. The effective sentence was, therefore, 70 years based on the 1982 Act. Id. Under the 1989 Act, however, the Range I term for second degree murder, a Class A felony, is 15 to 25 years. The Range I term for robbery by use of a deadly weapon, a Class B felony, is eight to 12 years. See id.; Tenn. Code Ann. § 40-35-112(a)(2). Our supreme court ruled that the 1989 Act prevailed despite the consent of the defendant and that the trial court was without jurisdiction to enter a 35-year sentence for either second degree murder or robbery by use of a deadly weapon. McConnell, 12 S.W.3d at 796, 800. Because the sentences were illegal, the petitioner was entitled to post-conviction relief. Id. at 800.

The state contends in this case that because the petitioner pled guilty prior to November 1, 1989, this case is distinguishable from McConnell. The statute, however, provides that the date of sentencing is the determinative factor, not the date of the plea. See Tenn. Code Ann. § 40-35-117(b). Because the convicting court did not enter the judgments until November 2, 1989, the sentences imposed under the 1982 Act are illegal.

The state also argues that because the petitioner entered into the plea agreement knowingly and voluntarily, the sentences are valid. In State v. Joseph Harvey Cutright, No. 02C01-9108-CC-00175 (Tenn. March 25, 1992) (not for publication), however, our supreme court addressed a similar issue. In Cutright, the defendant agreed to a sentence under the 1982 Act. The 1989 Act contained less stringent sentencing guidelines. The supreme court concluded that because the plea bargain agreement exceeded the maximum sentence permitted under the 1989 Act, the judgment was "a nullity," not subject to waiver. Id., slip op. at 1. Furthermore,

> [w]hile it is true that a plea agreement is contractual, contract principles extend only so far. The 1989 Act establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits.

McConnell, 12 S.W.3d at 799.

The sentencing guidelines of the 1989 Act are jurisdictional and binding on trial courts. Id. at 800. The sentence of 20 years for each count of robbery committed with a deadly weapon is in excess of the provisions of the 1989 Act. As a result, the sentences entered by the convicting court are illegal and must be set aside.

GARY R. WADE, PRESIDING JUDGE

-3-