IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs May 21, 2002

## CHARLES BRYANT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Coffee County**
**No. 31,323     L. Craig Johnson, Judge**

---

**No. M2001-02456-CCA-R3-PC - Filed July 26, 2002**

---

Petitioner/Appellant, Charles Bryant, filed a petition for post-conviction relief on August 3, 2001, attacking his conviction on July 18, 1997, for violation of the Motor Vehicle Habitual Offender Act. According to the allegations in the petition, there was no appeal from the conviction to which he pled guilty and received a sentence of four years as a multiple Range II offender. The trial court summarily dismissed the petition because it was filed outside of the applicable statute of limitations. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and JOHN EVERETT WILLIAMS, JJ., joined.

Charles Bryant, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; and C. Michael Layne, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 3, 2001, Petitioner actually filed three separate petitions for post-conviction relief in the Circuit Court of Coffee County, Tennessee. Each petition was given the identical docket number of No. 31,323. However, it is clear that three separate petitions were filed. One attacked a conviction on June 22, 1998, for which Petitioner pled guilty to violation of the Motor Vehicle Habitual Offender Act and received a Range II sentence of three years. The second petition attacked a conviction on June 22, 1998, for driving under the influence, for which he received a sentence of eleven months twenty-nine days upon a plea of guilty. The two convictions on June 22, 1998, were the result of separate counts in Indictment No. 28,939F. The third petition dealt with a conviction in July 1997 for violation of the Motor Vehicle Habitual Offender Act.

However, the order filed by the trial court from which this appeal was taken, specifically limits its ruling to the petition for post-conviction relief regarding the July 1997 conviction for violation of the Motor Vehicle Habitual Offender Act in which Petitioner received a sentence of four years. There is no order from the trial court in the record regarding the other two petitions for post-conviction relief. Therefore, inasmuch as Petitioner has purported to appeal a dismissal of those other two petitions, attacking his convictions in Coffee County Case No. 28,939F, the appeal is dismissed.

Regarding the petition for post-conviction relief attacking the conviction in July 1997, in Case No. 28,299F, we agree with the trial court that the petition violated the applicable one-year statute of limitations. See Tenn. Code Ann. § 40-30-202(a) (1997).

Petitioner asserts that his sentence is an "illegal sentence," which would toll the running of the statute of limitations. In support thereof, he relies upon State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978). Essentially, Petitioner argues that he was sentenced as a Range II offender, but that he did not have the sufficient number of prior felony convictions to properly classify him as such. In his petition, he refers to a negotiated plea agreement wherein he pled guilty and received sentencing as a Range II offender.

Even if Petitioner was sentenced, pursuant to a negotiated plea agreement, as a Range II offender and he did not have sufficient convictions for this classification under Tennessee Code Annotated section 40-35-106(a), the sentence is not necessarily an "illegal sentence." In McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), our supreme court recognized that in a negotiated plea agreement, a defendant can be sentenced as a Range II offender, even if he or she would be sentenced as a Range I offender absent a negotiated plea agreement, as long as the sentence is within the limits fixed for a Range II offender. Id. at 798. The sentence imposed upon Petitioner for the Class E felony offense of violation of the Motor Vehicle Habitual Offender Act (four years) is within the parameters of a Range II sentence for a Class E felony. In McConnell, the supreme court stated as follows:

> Our decision today in no way alters the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations. These elements of plea bargaining have been and still are properly characterized as non-jurisdictional.

Id.

Finally, Petitioner alleges in his petition that he lacked the mental capacity to knowingly and voluntarily enter a guilty plea as a result of his diminished mental capacity.

In order to toll the statute of limitations because of a petitioner's mental status, he must show that he is unable either to manage his personal affairs or to understand his legal rights and liabilities.

State v. Nix, 40 S.W.3d 459, 463 (Tenn. 2001). Furthermore, the statute cannot be tolled upon the "mere assertion of a psychological problem." Id.

The petition for post-conviction relief under consideration in this case falls far short of establishing that the statute of limitations should be tolled based on any "diminished capacity" of Petitioner. Therefore, the order of the trial court, summarily dismissing the petition without an evidentiary hearing because it was filed past the applicable statute of limitations, should be affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court regarding the post-conviction petition attacking the conviction in Coffee County Circuit Court Case No. 28,299F is affirmed. As the trial court did not file a specific order dismissing the post-conviction petitions which attack Petitioner's convictions in Coffee County Case No. 28,939F, the purported appeal from that action is dismissed.

_____
THOMAS T. WOODALL, JUDGE