IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED
February 14, 2000
Cecil Crowson, Jr.
Appellate Court Clerk

MICHAEL O'NEAL MCCONNELL,       )     FOR PUBLICATION
                                )
        Appellant,              )     FILED: February 14, 2000
                                )
v.                              )     LAWRENCE CIRCUIT
                                )
STATE OF TENNESSEE,             )     HON. WILLIAM B. CAIN
                                )
        Appellee.               )     NO. M1997-00163-SC-R11-PC


For the Appellant                          For the Appellee

Charles W. Holt                            Paul G. Summers
Lawrenceburg, Tennessee                    Attorney General & Reporter
                                           Nashville, Tennessee

                                           Gordon W. Smith
                                           Assistant Attorney General
                                           Nashville, Tennessee

                                           Ellen H. Pollack
                                           Assistant Attorney General
                                           Nashville, Tennessee


# OPINION


COURT OF CRIMINAL APPEALS
REVERSED                                                    BARKER, J.

## INTRODUCTION


We granted the appeal in this case to decide whether the sentences imposed by

the trial court pursuant to a plea bargain agreement that exceeded provisions of the Criminal Sentencing Reform Act of 1989 are illegal. We have examined the record and considered the arguments of the parties as well as applicable law. We conclude that the sentences imposed were outside the trial court's jurisdiction and were therefore illegal. Accordingly, we vacate appellant's sentences and remand this case to the trial court for proceedings consistent with this opinion.

## BACKGROUND

Appellant, Michael O'Neal McConnell, was indicted on one count of first degree murder and six counts of robbery by use of a deadly weapon for offenses occurring in January 1989. On November 20, 1990, after the State filed notice that it was seeking the death penalty, appellant entered pleas of guilty pursuant to a plea bargain agreement. The agreement provided that appellant would plead guilty as a Range I offender to the following: (1) second degree murder, for which he would be sentenced to thirty-five years; (2) five counts of robbery by use of a deadly weapon, for which he would receive five ten-year sentences to be served concurrently with the second degree murder sentence; and (3) one count of robbery by use of a deadly weapon, for which he would be sentenced to thirty-five years to be served consecutively to the second degree murder sentence. The trial court sentenced appellant according to the agreement for an effective sentence of seventy years. The sentencing calculations were based on the Criminal Sentencing Reform Act of 1982 ("1982 Act") and not the Criminal Sentencing Reform Act of 1989 ("1989 Act").[1]

On November 2, 1993, appellant filed a petition for post-conviction relief alleging that the trial court had no jurisdiction to enter thirty-five year sentences for second degree murder or robbery by use of a deadly weapon. The trial court denied appellant's petition. The Court of Criminal Appeals affirmed the lower court's judgment and concluded that

---

[1] Under the 1982 Act, the maximum Range I term of imprisonment for both robbery by use of a deadly weapon and second degree murder was 35 years. See Tenn. Code Ann. §§ 39-2-212, 39-2-501 (1982); Tenn. Code Ann. § 40-35-109 (Supp. 1983). By contrast, under the 1989 Act, the maximum Range I sentence for robbery by use of a deadly weapon is twelve years. See Tenn. Code Ann. §§ 40-35-118, -111(b)(2), -112(a)(2) (1997). The maximum Range I sentence for second degree murder is twenty-five years. See id. §§ 40-35-118, -111(b)(1), -112(a)(1).

the same effective sentence could have been imposed under either the 1982 Act or the 1989 Act. We granted appellant's application for permission to appeal to determine whether his sentences are illegal.

## DISCUSSION

In this post-conviction proceeding, appellant has the burden of proving the allegations in his petition by a preponderance of the evidence. See King v. State, 989 S.W.2d 319, 323 (Tenn. 1999).[2] The factual findings of the trial court are conclusive on appeal unless the evidence preponderates against the judgment. See id.

Appellant's sole argument on appeal is that the trial court was without jurisdiction under the 1989 Act to enter thirty-five year sentences for a Range I offender on convictions of second degree murder and robbery by use of a deadly weapon. We agree. The 1989 Act provides that "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions of [the Act]." Tenn. Code Ann. § 40-35-117(b) (1997) (emphasis added). The offenses with which appellant is charged occurred in January 1989 and were followed by sentencing in 1990. Thus, the 1989 Act applied in this case. Pursuant to the 1989 Act, a Range I sentence for second degree murder, a Class A felony, cannot be less than 15 nor more than 25 years. See id. §§ 40-35-118, -35-111(b)(1), -35-112(a)(1). Also pursuant to the 1989 Act, a Range I sentence for robbery by use of a deadly weapon, a Class B felony, must be between 8 and 12 years. See id. §§ 40-35-118, -35-111(b)(2), -35-112(a)(2).

The sentences that the trial court actually imposed, however, deviated from the provisions of the 1989 Act. On five counts of robbery by use of a deadly weapon, the court's sentence of 10 years per count complied with the 1989 Act. Thus, the sentences

---

[2] The Post-Conviction Procedure Act provides that an appellant has "the burden of proving the allegations of fact by clear and convincing evidence." Tenn. Code Ann. § 40-31-210 (1997). This Act, however, governs petitions for post-conviction relief filed after May 10, 1995, and motions filed after that date to reopen petitions for post-conviction relief that were concluded prior to May 10, 1995. See id. § 40-30-201 Compiler's Notes. Appellant filed petitions for post-conviction relief on November 2, 1993 and November 5, 1993, and it is from the trial court's denial of these petitions that appellant sought permission to appeal. Thus, the former "preponderance of the evidence" standard is applicable in this case.

on these counts are not in dispute. On the charge of second degree murder and the remaining charge of robbery by use of a deadly weapon, the length of the sentences imposed by the trial court exceeded that which is provided for by the 1989 Act.

The State contends that the triggering provision of the 1989 Act is not jurisdictional, thus permitting the trial court to depart from the mandates of the 1989 Act. But see Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993); Henderson v. State ex rel. Lance, 419 S.W.2d 176, 178-79 (Tenn. 1967). In support of its argument, the State relies heavily on our decision in Hicks v. State, 945 S.W.2d 706 (Tenn. 1997). In Hicks, the Court refused to overturn a plea bargain sentence that provided for a Range II incarceration with a Range I release eligibility. See id. at 706. The Court concluded that the agreed range could not be attacked on appeal where the prosecution and defendant negotiated in good faith and without fraud. See id. at 708.

The 1989 Act did not provide for coupling different incarceration and release eligibility ranges, but we had previously approved of such a practice under the 1982 Act. See State v. Mahler, 735 S.W.2d 226, 227-28 (Tenn. 1987). We concluded in Hicks that the legislature's failure to limit the use of offender classification and release eligibility as plea bargaining tools evinced the legislature's intent to permit the practice. See Hicks, 945 S.W.2d at 709. We did not, however, condone departures from the maximum and minimum sentencing guidelines imposed by the 1989 Act.

Our decision in Mahler is illustrative of the distinction between the use of plea bargaining tools and sentencing. Pursuant to a plea bargain agreement, the accused in Mahler pleaded guilty to murder in the second degree as a Range II aggravated offender even though his prior criminal record did not justify a Range II classification. See 735 S.W.2d at 227-28. In affirming the sentence, we noted that the sentence actually entered was within the statutory limits fixed for a Range II offender. See id. at 228. According to the Court, "a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final." Id. We also observed that, when courts did impose sentences higher or lower than the statutorily authorized punishment, the sentences were

4

to be vacated or corrected. See id.

Our decision today in no way alters the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations. These elements of plea bargaining have been and still are properly characterized as non-jurisdictional. However, we do maintain the distinction between the subjects of plea bargaining and the length of a sentence.

Sentencing is jurisdictional and must be executed in compliance with the 1989 Act. Our Constitution grants the Legislature the power to define the limits of a trial court's jurisdiction. Tenn. Const. art. VI, § 8 ("The jurisdiction of the Circuit, Chancery and other Inferior Courts, shall be as now established by law, until changed by the Legislature."). Consequently, a trial court's jurisdiction with regard to sentencing is limited by Legislative enactments. Compare Henderson v. State ex rel. Lance, 419 S.W.2d 176 (Tenn. 1967).[3] The General Assembly, in 1989, enacted a comprehensive sentencing plan, the Criminal Sentencing Reform Act of 1989. The 1989 Act provides that "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions of [the Act]." Tenn. Code Ann. § 40-35-117(b) (1997) (emphasis added). Thus, the jurisdiction of a trial court to sentence defendants is limited to provisions of the 1989 Act.

Previous decisions have recognized this principle when examining sentences entered pursuant to a plea bargain agreement but in excess of the relevant range classification. In State v. Cutright, No. 02C01-9108-CC-00175 (Tenn. Mar. 25, 1992), an unreported decision of this Court, we examined a factual scenario identical to that now before us. After the effective date of the 1989 Act, the defendant agreed to a plea bargain agreement that would impose a sentence under the 1982 Act, even though the term exceeded the 1989 Act's sentencing guidelines. We concluded that because the

_____

[3] In Henderson, the defendant agreed to plead guilty to a charge of armed robbery committed while he was on parole. Pursuant to the plea agreement, the defendant accepted a concurrent sentence which was entered by the trial court. A statute, however, required the trial court to impose consecutive sentencing for crimes committed by a defendant on parole. We concluded that the trial court had no jurisdiction to act in contravention of the sentencing statute, thus warranting the issuance of a writ of habeas corpus to release the defendant from his guilty plea. See Henderson, 419 S.W.2d at 178-79; see also Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993).

5

plea bargain agreement exceeded the maximum sentence available under the 1989 Act, the sentence was "a nullity and cannot be waived."[4] The intermediate court then relied on Cutright to set aside sentences in excess of the 1989 Act, but entered pursuant to a plea bargain agreement.[5] See, e.g., Dixon v. State, 934 S.W.2d 69, 73 (Tenn. Crim. App. 1996); Woods v. State, 928 S.W.2d 52, 54 (Tenn. Crim. App. 1996).[6]

The State, despite the constitutional mandate concerning jurisdiction, previous court decisions, and the text of the 1989 Act, nevertheless contends that the sentence is valid. According to the State, the sentence is legal because it is what the appellant bargained for and because a similar result could be reached by applying the 1989 Act. These arguments, however, ignore that to affirm the sentence imposed below is to render ineffective the sentencing provisions of the 1989 Act.

While it is true that a plea bargain agreement is contractual, see State v. Howington, 907 S.W.2d 403, 407 (Tenn. 1995), contract principles extend only so far, accord State v. Brown, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996) ("[A] judgment of conviction is not a contract, and principles of contract law do not apply."). The 1989 Act establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits.[7] If we accepted the State's argument that the 1989 Act is not jurisdictional, we could easily be left with the logical corollary to the matter before us: a plea bargained sentence less than the statutory minimum. Sentences beneath the minimum provided for by statute, however, have been

---

[4] In approving the use of offender classification and release eligibility as plea bargaining tools in Hicks, we distinguished Cutright on the grounds that the Cutright sentence "was void on its face because it reflected that the defendant . . . was improperly sentenced under the 1982 Act." Hicks, 945 S.W.2d at 709 n.9.

[5] Reliance by the intermediate court on our decision in Cutright is not misplaced even though Cutright is not a published opinion of this Court. We have previously noted that "[u]npublished intermediate court opinions have persuasive force." See Allstate Ins. Co. v. Watts, 811 S.W.2d 883, 886 n.2 (Tenn. 1991). While not controlling authority, unpublished decisions of this Court are entitled to at least the same respect.

[6] It appears that a court has permitted a plea bargain sentence that was in excess of the penalty imposed by statute in only one reported case. See State v. Terry, 755 S.W.2d 854 (Tenn. Crim. App. 1988). This case, however, preceded our decision in Cutright which explicitly refused to permit such a sentence to stand.

[7] In fact, the 1989 Act contemplates that its provisions will govern plea bargain agreements. The 1989 Act permits a court to impose a plea bargain sentence without a specific sentencing hearing or presentence report. See Tenn. Code Ann. § 40-35-203(b), -205(d) (1997). If the Legislature also wanted to permit the State and defendants to contract out of the 1989 Act altogether, it could have done so. It did not. Consequently, plea bargain sentences remain subject to the sentencing provisions of the 1989 Act.

consistently rejected as illegal. See Daniels v. State, 140 S.W.2d 148, 149 (Tenn. 1940); State v. Hamlin, 655 S.W.2d 200, 201-02 (Tenn. Crim. App. 1983); Jenkins v. State, 509 S.W.2d 240, 247-48 (Tenn. Crim. App. 1974); Yet the reasoning advanced by the State would permit this very result and would be an expansion of the trial court's jurisdiction by this Court. Such an expansion would be an obvious and impermissible intrusion on the clear Constitutional prerogative of the Legislature to define the contours of a trial court's jurisdiction.

Also unsatisfactory is the State's argument that the seventy-year sentence is appropriate because it could have been achieved under the 1989 Act through a combination of concurrent and consecutive sentencing.[8] We agree that if the trial court had applied the 1989 Act, it may well have still imposed an effective sentence of 70 years. But it is equally true that the appellant could have received a shorter sentence under the 1989 Act than the one imposed. If the trial court had imposed the same combination of concurrent and consecutive sentences using the sentencing guidelines of the 1989 Act rather than the 1982 Act, the appellant would have received a maximum effective sentence of thirty-seven years -- not seventy years. The State's argument then only emphasizes the danger of departing from the sentencing guidelines.

The sentencing guidelines of the 1989 Act are jurisdictional and binding on trial courts. The thirty-five-year sentences for second degree murder and robbery by use of a deadly weapon are for terms in excess of the provisions of the 1989 Act. Consequently, the sentence entered by the trial court is illegal and must be set aside.[9] On remand, the

---

[8] The 1989 Act was clearly applicable when appellant pleaded guilty pursuant to the plea bargain agreement in November 1990. See Tenn. Code Ann. § 40-35-117(b) (1997). It is unclear then why the State did not structure the plea agreement to comply with the sentencing guidelines of the 1989 Act when this argument impliedly concedes that it could have done so. In fact, our review of the transcript of the post-conviction petition hearing suggests that the State had explicit knowledge of the requirements of the 1989 Act. Counsel for appellant testified at that hearing that part of the plea bargain negotiations with the State included a specific discussion "about what would occur under the old law and specifically what would occur under the new law." This makes the failure to comply with the 1989 Act even less understandable.

[9] We note that our decision is consistent with decisions of other jurisdictions that have considered the issue before this Court. See, e.g., Chae v. People, 780 P.2d 481, 486 (Colo. 1989) ("[W]hen a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence."); Forbert v. State, 437 So. 2d 1079, 1081 (Fla. 1983) ("[W]hen a defendant pleads guilty with the understanding that the sentence he or she receives in exchange is legal, when in fact the sentence is not legal, the defendant should be given the opportunity to withdraw the plea when later challenging the legality of the sentence."); State v. Smith, 519 A.2d 367, 368 (N.J. Super. Ct. App. Div. 1986) ("Although we defer to the reasonableness of negotiated dispositions, there can be no plea bargain to an illegal sentence.")

trial court may impose a sentence that is mutually agreeable to the State and appellant, so long as the sentence is available under the 1989 Act. If an agreement is not reached, though, appellant may withdraw his guilty plea and proceed to trial on the original charges.

## CONCLUSION

We conclude that thirty-five-year sentences for a Range I offender for second degree murder and robbery by use of a deadly weapon are not permitted by the 1989 Act. Thus, they are illegal and must be vacated. Accordingly, we reverse the judgments of the trial court and the Court of Criminal Appeals and remand this case to the trial court for further proceedings.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:
ANDERSON, C.J.
DROWOTA, BIRCH, AND HOLDER, J.J.

_____

(citations omitted).

8