IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2000

## MICHAEL WADE SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-18838    John P. Colton, Jr., Judge**

---

### No. W1999-01817-CCA-R3-PC - Filed October 23, 2000

---

The petitioner pled guilty in Shelby County Criminal Court to two counts of rape, two counts of aggravated burglary, and five misdemeanor counts. He was sentenced, pursuant to a negotiated plea agreement, to ten years for each of the rape counts; six years for each of the aggravated burglary counts; and eleven months and twenty-nine days for each of the misdemeanor counts, with all sentences to be served concurrently for an effective sentence of ten years. The sequence of the charges was that the petitioner was arrested and charged with a rape, an aggravated burglary, and all of the misdemeanor counts, released on bail, and later arrested for the second rape and aggravated burglary, both of which occurred while he was on bail for the first set of charges. In this petition for post-conviction relief, the petitioner sought to have his guilty pleas set aside on the grounds that his pleas were not voluntarily and knowingly made and he received ineffective assistance of counsel. It is unnecessary to address those issues because it appears from the record that the negotiated plea agreement was in violation of Tennessee Code Annotated Section 40-20-111(b), requiring that a sentence for a felony committed while on bail be served consecutively to the sentence for the initial felony charge. Because we do not know whether the petitioner would have entered his pleas of guilty had he known of the requirement regarding consecutive sentencing, on remand the petitioner must be allowed to withdraw his pleas of guilty as to both of the rape and both of the aggravated burglary charges.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and CORNELIA A. CLARK, SP.J., joined.

Robert B. Gaia, Memphis, Tennessee, for the appellant, Michael Wade Smith.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and P. T. Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Michael Wade Smith, pled guilty on March 13, 1997, in Shelby County Criminal Court to two counts of rape and two counts of aggravated burglary, as well as five misdemeanor counts. The petitioner was sentenced pursuant to a negotiated plea agreement to ten years for each of the rape counts; six years for each of the aggravated burglary counts; and eleven months and twenty-nine days for each of the misdemeanor counts, with all sentences to be served concurrently for an effective sentence of ten years. In this petition for post-conviction relief, the petitioner seeks to have his guilty pleas set aside on the grounds that his pleas were not voluntarily and knowingly made and he received ineffective assistance of counsel. However, we find that there are other grounds upon which the guilty pleas must be set aside.

It appears from the record that the negotiated plea agreement was in violation of Tennessee Code Annotated Section 40-20-111(b), in effect at the time of the offenses, because the second rape and aggravated burglary were committed after the petitioner had been released on bail for the first rape and aggravated burglary, and the petitioner was convicted of both rapes and both aggravated burglaries. Accordingly, while the sentences for the rape and aggravated burglary committed on March 19, 1995, may be served concurrently as to each other, those sentences cannot be served concurrently as to sentences for other felony offenses committed while the petitioner was on bail for the first set of offenses.

## FACTS

The record includes the judgment for the rape charged in 96-08880 and for the aggravated burglary charged in 96-08879, both of which were committed on March 19, 1995. Those judgment forms show that the petitioner was jailed for those offenses from March 25, 1995, until March 29, 1995, at which time the petitioner was set free on bail.

While free on bail on indictments 96-08879-80, the petitioner was rearrested and charged with a rape and an aggravated burglary which occurred on July 6, 1996. These charges resulted in indictments 96-08877 and 96-08878.

A guilty plea submission hearing was held on March 13, 1997, at which time the petitioner entered an Alford plea, that is, one in his best interest without admitting guilt. The petitioner pled guilty to each of the following:

| | |
|---|---|
| 96-00140 | Resisting official detention |
| 96-00141 | Misdemeanor assault |
| 96-00142 | Misdemeanor assault |
| 96-00143 | Misdemeanor assault |
| 96-08878 | Aggravated burglary [7/6/95] |
| 96-08879 | Aggravated burglary [3/19/95] |
| 96-08880 | Rape [3/19/95] |

96-08877        Rape [7/6/95]
96-08881        Aggravated criminal trespass

Although the bond documents are not included in the record, the testimony of his trial counsel, who served as co-defense counsel through the plea submission hearing, confirms this sequence. Trial counsel, responding to direct questioning at the post-conviction hearing held on May 13, 1999, concerning the number of times he met with the petitioner prior to the plea submission hearing, stated the following:

> I don't want to speculate because I do not remember. I know we saw him when he was on bond at the office. And then while he was on bond for a first rape, he was alleged to have committed another rape which was then a revocation of the bond and he was in Shelby County jail.

In its Findings of Fact and Conclusions of Law, the court found that the petitioner had not received ineffective assistance of counsel and that his guilty pleas were not unknowing and involuntary. However, it is unnecessary for us to determine the correctness of this ruling, for we conclude that other grounds require this matter to be remanded to allow the petitioner to withdraw his guilty pleas as to both of the rape and both of the aggravated burglary charges.

## **ANALYSIS**

Tennessee Code Annotated Section 40-20-111(b) states:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

This section is specifically referred to in the Sentencing Commission Comments to Tennessee Code Annotated Section 40-35-115 as follows:

> Subsection (d) provides that while consecutive sentences are discretionary, in a few instances, consecutive sentences are mandated either by statute or by Tenn. R. Crim. P. 32. For example, see § 39-16-605, which requires consecutive sentences for escape from a penal institution, and § 40-20-111(b), which requires consecutive sentences for felonies committed while the defendant was released on bail.

Here, the judgments show that the petitioner received jail credit of four days on both the rape committed on March 19, 1995, and the aggravated burglary committed on March 19, 1995, and that he was released on March 29, 1995. The record shows that the petitioner subsequently committed another rape and aggravated burglary on July 6, 1995. The record shows that the petitioner was convicted of all four offenses on March 13, 1997, and that the sentences were order to be served concurrently, by agreement of the parties. Because this sentence is in direct contravention of statutory law, even if agreed to by the parties, the judgment of the trial court is void.

A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A sentence imposed in direct contravention of a statute is void and illegal. See Jonathan Stephenson v. Howard Carlton, Warden, No. E1998-00202-SC-R11-CD, slip op. at 3 (Tenn. Sept. 21, 2000) (citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)). In such instances, a trial court lacks statutory authority to render the judgment. Furthermore, "the parties cannot by agreement salvage an illegal sentence or otherwise create authority for the imposition of a sentence that has not been authorized by statute." Id. (citing McConnell v. State, 12 S.W.3d 795, 799 (Tenn. 2000). A void or illegal sentence may be corrected "at any time, even if it has become final." Burkhart, 566 S.W.2d at 873 (citations omitted). The trial judge, therefore, has "both the power, and the duty, to correct the judgment . . . as soon as its illegality [is] brought to his attention." Id.

Since the petitioner entered his pleas of guilty with the belief that all sentences would be served concurrently, we do not know whether he would have done so had he known of the requirement regarding consecutive sentencing. See State v. Vinton T. Maclin, No. W1999-01845-CCA-R3-CD, 1999 WL 1532155, at *2 (Tenn. Crim. App., Jackson, Dec. 16, 1999). Accordingly, we remand this matter to the trial court to allow the petitioner to withdraw his pleas of guilty as to both of the rape and both of the aggravated burglary charges.

_____
ALAN E. GLENN, JUDGE