# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 14, 2000

## MITCHELL TARVER v. TENNESSEE DEPARTMENT OF CORRECTION

### Appeal from the Chancery Court for Davidson County
### No. 99-2689-III    Ellen Hobbs Lyle, Chancellor

---

### No. M2000-01622-COA-R3-CV - Filed March 28, 2001

---

A prison inmate filed a petition seeking a declaratory judgment that he was entitled to parole consideration in accordance with his plea bargain. The trial court dismissed the petition on summary judgment. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Mitchell Tarver, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I. GUILTY PLEA AND SENTENCE

On February 25, 1994, Mitchell Tarver pled guilty to the offense of rape of a child, an offense that carried a range of possible sentences between fifteen and sixty years. The Obion County Circuit Court sentenced him to fifteen years. At the time of sentencing (as well as at the time of his offense) Tenn. Code. Ann. § 39-13-323 was in effect. That statute provides that individuals convicted of child rape or of multiple rapes will not be eligible for parole, and that they will be required to serve their entire sentences undiminished by any sentence reduction credits they may earn.

On July 30, 1999, Mr. Tarver applied to the Department of Correction for a declaratory order that he was eligible for parole pursuant to his plea bargain. The Department turned him down. On September 21, 1999, he filed a Petition for Declaratory Judgment in the Davidson County Circuit Court. Mr. Tarver alleged that he had agreed to plead guilty and waive jury trial in exchange for a

sentence which would waive the provisions of Tenn. Code. Ann. § 39-13-323, and allow him to serve his sentence as a standard Range I offender, which implies parole eligibility after service of 30% of the sentence.

The Department filed a Motion for Summary Judgment, supported by a Statement of Undisputed Facts, and by the Affidavit of Faye Claud, Manager of the Department's Sentence Information Services Section. Ms. Claud's affidavit was accompanied by a copy of Mr. Tarver's Judgment form, as maintained on microfilm in her office. The order shows a sentence length of fifteen years. One box indicating the nature of the sentence shows that he was sentenced under the Criminal Sentencing Reform Act of 1989. Within that box, an X has been placed in the space next to the words "Child Rapist."

Mr. Tarver filed a Response in Opposition to the Motion for Summary Judgment, and an Answer to the Respondent's Statement of Undisputed Facts, as well as his own affidavit. He claimed that in explaining the plea bargain offered by the District Attorney, his court-appointed attorney had stated that it included both the possibility of earning sentence credits to reduce the length of his sentence, and parole eligibility after 30% of the sentence had been served.

Attached to his affidavit were two documents. The first was Mr. Tarver's own copy of the Judgment form, which was identical to the one presented by Ms. Claud, except that in the box described above, there is an X in the space next to the words "Standard 30% Range 1" in addition to the X next to the words "Child Rapist."

The second document is titled "PLEA OF GUILTY AND WAIVER OF JURY TRIAL AND OF APPEAL" and is signed by Mr. Tarver, by his attorney, and by the District Attorney General. One line of the document reads: "I understand that my sentence upon a plea of guilty, if accepted by the Court, will be as follows:" The following line contains places to type in the nature of the offense, the class, the range and the place of confinement. The offense is listed as "RAPE OF A CHILD," the class as "A FEL" and the range as "I STD."

After receiving Mr. Tarver's response, the Department of Correction asked the Clerk of the Obion County Circuit Court for an official copy of its Judgment. A copy certified by the Clerk of the Court, was mailed to the respondent, and was entered into the record. It conforms in every respect to the copy on file with the Department, but not to the copy submitted by Mr. Tarver.

On March 13, 2000, the trial court filed its Memorandum and Order in this case. The chancellor found that the certified copy of the judgment negated any implication that Mr. Tarver had raised a genuine issue of material fact in support of his petition. She further held that under Tenn. Code. Ann. § 39-13-523, Mr. Tarver was required to serve his sentence in its entirety, despite his claim that his court-appointed attorney told him otherwise. She accordingly dismissed Mr. Tarver's Petition on Summary Judgment. This appeal followed.

## II.

Mr. Tarver argues on appeal that the two documents he submitted to the court raise a genuine issue of material fact as to what sentence the trial court actually imposed on him. But even if we ignore the fact that the certified copy of the judgment effectively destroys any probative value his own copy might have possessed, we must note that Tenn. Code. Ann. § 39-13-523 does not appear to admit any exceptions to its rule. The statute reads in pertinent part:

> (b) Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist, as defined in subsection (a), shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn. A multiple rapist or a child rapist shall be permitted to earn any credits for which such person is eligible and such credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court.

> (c) The provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole shall not apply to or authorize the release of a multiple rapist or child rapist, as defined in subsection (a), prior to service of the entire sentence imposed by the court.

> (d) Nothing in the provisions of title 41, chapter 1, part 5, shall give either the governor or the board of probation and parole the authority to release or cause the release of a multiple rapist or child rapist, as defined in subsection (a), prior to service of the entire sentence imposed by the court.

Further reinforcing the message of Tenn. Code. Ann. § 39-13-523 is Tenn. Code. Ann. § 40-35-501. That statute, which sets out the required percentages of their sentences that offenders in each sentencing range must serve before becoming eligible for parole, includes the following:

> (3) Nothing in this subsection shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

As our Supreme Court said in *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), "[a] trial court's jurisdiction with regard to sentencing is limited by Legislative enactments." It appears to us that in enacting the above-quoted statutes, the Legislature was determined to close the door against any exceptions to its purpose of ensuring that certain classes of sexual offenders would have to serve their full sentences.

We must conclude that even if the sentencing court in this case did impose a sentence that included the possibilities for early release that Mr. Tarver insists he is entitled to, the portions of the

sentence so providing would be a nullity.[1]  And even if the court itself was somehow acting within its jurisdiction in imposing such a sentence (a proposition that we do not accept) the Board of Paroles would still be barred from granting Mr. Tarver parole, in accordance with Tenn. Code. Ann. § 39-13-523(d).

## III.

The judgment of the trial court is affirmed.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant, Mitchell Tarver.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

---

[1] In *State v. Howington*, 907 S.W.2d 403, 408 (Tenn. 1995), our Supreme Court held that plea agreements and immunity agreements between prosecutors and defendants are enforceable as contracts.  Thus, if Mr. Tarver has any remedy at all, it would lie against the prosecuting attorney for promising him a judgment that included the possibility of parole in exchange for his guilty plea.  If Mr. Tarver can prove that this occurred, then he would be entitled to retract the guilty plea and demand a new trial.