# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. SAMUEL LEE PARTIN

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-12957, C-13506-13509      D. Kelly Thomas, Jr., Judge**

---

**No. E2002-00094-CCA-R3-CD**
**November 15, 2002**

---

The defendant pled guilty to two counts of driving after being declared an habitual motor vehicle offender and one count each of "third or subsequent" offense DUI, child endangerment, and vehicular assault, and it was agreed the trial court would determine the sentences. The trial court imposed a total effective sentence of five years, eleven months, and twenty-eight days in incarceration. In this appeal, the defendant argues the trial court erred in sentencing him. We conclude the defendant was indicted for fourth offense DUI, a Class E felony; he pled guilty to the offense as charged in the indictment, yet the plea erroneously referred to the non-existent enhancement classification of "third or subsequent" offense DUI rather than fourth offense DUI; and the defendant was erroneously sentenced for a misdemeanor based upon this non-existent enhancement classification. Because the defendant's guilty plea and sentence for this offense were erroneous and his pleas to all other offenses were part of his agreement to plead guilty, we vacate all judgments of conviction and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Vacated; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal); Raymond Mack Garner, District Public Defender; and Shawn G. Graham, Assistant District Public Defender (at sentencing hearing), for the appellant, Samuel Lee Partin.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Michael L. Flynn, District Attorney General; and John Anderson Bobo, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 15, 2000, the defendant was arrested for driving after being declared an habitual motor vehicle offender. On February 16, 2001, while he was on bond for the first offense, the defendant was involved as a driver in a motor vehicle accident and was charged with driving after being declared an habitual motor vehicle offender; DUI, fourth offense; child endangerment; and vehicular assault. On December 3, 2001, he pled guilty to all charges and agreed to submit to sentencing by the trial court.

The trial court sentenced the defendant to the following:

| Case Number | Offense Date | Offense | Offense Classification According to the Judgment | Sentence |
|---|---|---|---|---|
| C-12957 | 7/15/00 | Motor Vehicle Habitual Offender Violation | Class E Felony | 2 years, consecutive to C-13508 |
| C-13506 | 2/16/01 | DUI | Class A Misdemeanor | 11 months, 29 days, consecutive to C-12957[1] |
| C-13507 | 2/16/01 | Child Endangerment | Class A Misdemeanor | 11 months, 29 days, consecutive to C-13506 |
| C-13508 | 2/16/01 | Vehicular Assault | Class D Felony | 2 years, consecutive to C-13506 |
| C-13509 | 2/16/01 | Motor Vehicle Habitual Offender Violation | Class E Felony | 2 years, concurrent with C-13508 |

Further, the trial court ordered all sentences to be served in incarceration. In this appeal, the defendant argues he was improperly sentenced. Specifically, he contends the trial court improperly imposed consecutive sentences and erred by not granting alternative sentencing. However, following a thorough review of the record, we are forced to conclude the defendant's guilty plea and sentence on the DUI indictment were erroneous. Defendant received a Class A misdemeanor sentence, whereas his guilty plea was to fourth offense DUI which is a Class E felony. For this reason, we are unable to reach the merits of the issues raised in this appeal and must remand the matter to the trial court.

---

[1]This judgment is silent as to concurrent/consecutive sentencing; however, the record clearly indicates the trial court intended to run this sentence consecutively to C-12957.

**ANALYSIS**

The indictment in case number C-13506 alleged the defendant committed DUI, fourth offense. That indictment specifically alleged the defendant had three prior DUI convictions, which it listed. The document commemorating the plea agreement, entitled "Request for Acceptance of Pleas of Guilty [and] Petition to Waive Trial by Jury and to Waive an Appeal," which was signed by the defendant, his counsel, the assistant district attorney, and accepted by the trial court, stated the defendant was charged with and was pleading guilty to "DUI 3rd or Subsequent" offense with a maximum sentence of eleven months and twenty-nine days. At the plea hearing, defense counsel misstated the defendant was charged with "DUI third or subsequent" offense, as opposed to fourth offense DUI. There is no indication the defendant was pleading to the reduced charge of third offense DUI; instead, the record indicates the defendant was pleading guilty to the charges as set forth in the indictment.

At the sentencing hearing, the three prior DUI convictions listed in the indictment were established by the evidence, and the trial court noted these prior convictions in sentencing the defendant. However, the judgment of conviction entered in case number C-13506 incorrectly shows the defendant was originally charged with Class A misdemeanor DUI; it does not accurately reflect that the original charge was fourth offense DUI, a Class E felony. *See* Tenn. Code Ann. § 55-10-403(a)(1). Likewise, the judgment simply states the defendant was convicted of misdemeanor DUI and indicates misdemeanor punishment was imposed. The fine imposed was $1,100, which is the minimum fine for third offense DUI; the minimum fine for fourth offense DUI is $3,000. *See id.*

A "fourth or subsequent conviction" for DUI is a Class E felony with a mandatory minimum sentence of 150 days incarceration and with maximum punishment according to the appropriate range for a Class E felony. Tenn. Code Ann. § 55-10-403(a)(1). The record indicates the defendant was a Range I standard offender; therefore, on a Class E felony, he faced a maximum punishment of two years. *See* Tenn. Code Ann. § 40-35-112(a)(5).

We conclude the defendant pled guilty to the non-existent DUI enhancement of "third or subsequent" offense. Because there is no indication the defendant was pleading guilty to only third offense DUI as opposed to fourth offense DUI, the misdemeanor classification is erroneous.[2] When the consideration for a guilty plea is an illegal sentence, the guilty plea is invalid and the defendant is entitled to an opportunity to withdraw his plea. McConnell v. State, 12 S.W.3d 795, 800 (Tenn. 2000). In the case at bar, the defendant's guilty pleas to all of the charges were simultaneous. There is no indication whether or not he would have pled guilty to all of the indictments had he known he

---

[2]Although we recognize that a sentence of eleven months and twenty-nine days is an authorized punishment for a Range I standard offender for a Class E felony, *see* Tenn. Code Ann. § 40-35-211(2), the record reveals that the parties did not contemplate felony sentencing. Furthermore, the mandatory minimum fine for fourth offense DUI is $3,000. *See* Tenn. Code Ann. § 55-10-403(a)(1). The trial court imposed a fine of $1,100, the mandatory minimum fine for third offense DUI. *Id.*

was pleading guilty to felony DUI.[3]  Therefore, we vacate all of his judgments of conviction and remand this matter to the trial court to allow the defendant the opportunity to withdraw his pleas and for further proceedings.

_____

JOE G. RILEY, JUDGE

---

[3]We note that the record indicates the defendant was on bail for the July 15, 2000, charge when he allegedly committed the remaining offenses. Therefore, a sentence for a **felony**, such as DUI-fourth offense, committed while he was on bail **must** be served consecutively to any sentence imposed for the prior offense. *See* Tenn. Code Ann. § 40-20-111(b); Tenn. R. Crim. P. 32(c)(3)(C).  If a defendant is sentenced for a **misdemeanor** committed while on bail, it is within the trial court's **discretion** to order concurrent sentencing. *See id.*  This is contrary to the understanding of the parties as reflected by their statements at the plea and sentencing hearings.  We note this for guidance to the parties and the trial court upon remand.