IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2003

## STATE OF TENNESSEE v. MICHAEL S. STACY

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S43,572     Phyllis H. Miller, Judge**

---

**No. E2003-01062-CCA-R3-CD**
**October 13, 2003**

---

The defendant appeals the trial court's dismissal of his motion for correction of an illegal sentence. Pursuant to a negotiated plea agreement, the defendant entered a *nolo contendere* plea to a Class B felony and was sentenced by the trial court as a Range I, standard offender to ten years, two years above the presumptive minimum sentence in the range. Subsequently, the defendant filed a *pro se* motion to correct an illegal sentence, arguing that the trial court violated the requirements of the 1989 Sentencing Reform Act by failing to state enhancement factors to support the increase in his sentence from the presumptive minimum eight-year sentence. The trial court dismissed the motion, and the defendant appealed to this court. Finding no error, we affirm the trial court's dismissal of the defendant's motion to correct illegal sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Michael S. Stacy, MTCC-Annex, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert H. Montgomery, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On November 29, 2000, the defendant, Michael S. Stacy, entered pleas of *nolo contendere* in the Sullivan County Criminal Court to one count of vehicular homicide by intoxication, a Class B felony, and one count of reckless endangerment, a Class E felony. Pursuant to the terms of his negotiated plea agreement, he was sentenced by the trial court as a Range I, standard offender to ten

years for vehicular homicide and two years for reckless endangerment, with the sentences to be served concurrently in the Department of Correction.

On April 6, 2003, the defendant filed a *pro se* motion for correction of an illegal sentence. He argued that his ten-year sentence for vehicular homicide was illegal because the State failed to file a notice of enhancement factors and the trial court failed to state on the record any enhancement factors in support of the enhancement of the sentence from the presumptive eight-year minimum sentence for his range. On April 22, 2003, the trial court entered an order denying and dismissing the defendant's motion. From that order, the defendant now appeals.

## ANALYSIS

As an initial matter, we note that the defendant seeks to appeal as of right from the trial court's order dismissing his motion for correction of an illegal sentence. However, Rule 3 of the Tennessee Rules of Appellate Procedure does not authorize a defendant to appeal after entering a valid plea of guilty or *nolo contendere* and being sentenced pursuant to the terms of a plea bargain agreement. See Tenn. R. App. P. 3(b); State v. McKissack, 917 S.W.2d 714, 715-16 (Tenn. Crim. App. 1995); see also J. D. Hickman v. State, Nos. E1999-02756-CCA-R3-PC, E2000-00626-CCA-R3-PC, 2000 WL 33157229, at *3 (Tenn. Crim. App. Sept. 27, 2000) ("We note that in this situation, when there is no Rule 3 appeal available, the defendant might have petitioned this court to grant a common law writ of *certiorari* to review the lower court's action, although such relief rarely would be justified."); State v. Teresa Fithiam, No. 03C01-9610-CC-00381, 1997 WL 665988, at *2 (Tenn. Crim. App. Oct. 28, 1997) ("In order to obtain appellate review of her sentence, the Defendant could have chosen to plead guilty without a negotiated agreement and left sentencing to the trial court and pursued the issue in a direct appeal under Rule 3.").

Moreover, even if we consider this appeal as a petition for writ of *certiorari* and therefore reach the merits of the case, we conclude that this issue is without merit. Although an illegal sentence is subject to being set aside at any time, even after the judgment is final, see McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978), there was no illegality involved in this sentence. The record makes it clear that the ten-year sentence the defendant received for vehicular homicide was part of a negotiated plea bargain agreement. As such, the trial court was not required to place enhancement factors on the record to justify the increase from the presumptive minimum sentence in the range. When the district attorney general and the defendant agree on a specific sentence as part of a plea bargain agreement and the trial court accepts the sentence, a presentence report and separate sentencing hearing are not required. Tenn. Code Ann. § 40-35-203(b), -205(d) (1997); McConnell, 12 S.W.3d at 799 n.7. We, therefore, affirm the trial court's dismissal of the defendant's motion to correct illegal sentence.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.


_____
ALAN E. GLENN, JUDGE