# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. WILLIAM SEIGLER

### Appeal from the Circuit Court for Rutherford County
### No. F60996     Royce Taylor, Judge

_____

### No. M2014-02559-CCA-R3-CD – Filed July 7, 2015
_____

The Appellant, William Seigler, is appealing the order of the trial court denying his "motion to correct sentence." The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

### Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

William Seigler, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant is appealing the trial court's order denying his "motion to correct sentence." In December 2007, the Appellant was indicted on five counts of rape of a child. The Appellant ultimately pleaded guilty to three counts of attempted rape of a child. The two remaining counts were dismissed. The Appellant was sentenced to twelve years on each count, to be served concurrently as a standard offender at 30%. Judgments were entered on March 10, 2008. The Appellant filed a "motion to correct sentence" on October 28, 2014. To the extent the Appellant requested a reduction of his sentence, the trial court concluded that the motion was untimely. *See* Tenn. R. Crim. P.

35(a) (motion to reduce sentence must be filed within 120 days after sentence imposed). The court further concluded that the Appellant's sentence was not illegal under the terms of Rule of Criminal Procedure 36.1. In response to the Appellant's brief, the State moves this Court to affirm the order of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, said motion is hereby granted.

The gist of the Appellant's argument is that he should not have been sentenced at the high end of the applicable sentencing range because he is a first time offender. The Appellant was charged with rape of a child, a Class A felony; he pled guilty to attempted rape of a child, a Class B felony. The sentencing range for a standard Range I offender for a Class B felony is not less than eight (8) nor more than twelve (12) years. Tenn. Code Ann. § 40-35-112(a)(2).

As referenced above, a "trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed . . . No extensions shall be allowed on the time limitation." Tenn. R. Crim. P. 35(a). As the trial court correctly found, the Appellant's motion, if treated as one requesting a reduction of sentence pursuant to Rule 35, was filed more than six years after sentences were imposed and, therefore, was untimely. The trial court did not err in denying the motion in that respect.

Rule 36.1 permits a defendant to seek correction of an illegal sentence at any time. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Regarding the Appellant's argument that his sentence is illegal, the State succinctly explains why that argument must fail:

> If the appellant had been tried and convicted of the original charged offenses of rape of a child, he would have been exposed to a greater punishment of "not less than fifteen (15) nor more than twenty-five (25) years" for each offense. Tenn. Code Ann. § 40-35-112(a)(1). Additionally, because rape of a child is one of the several enumerated offenses for which "[t]here shall be no release eligibility," he would not have been eligible for parole. *See* Tenn. Code Ann. § 40-35-501(i). Attempted rape of a child is *not* one of the enumerated offenses under § 40-35-501, and therefore, the appellant is eligible for parole after serving thirty (30) percent of his twelve-year sentence. The current case is an obvious situation where the appellant entered into an agreement to reduce his exposure to the possibility of multiple convictions for rape of a child with sentence ranges of fifteen to twenty-five years to be served at 100% for each offense, to an agreed total term of ten to twelve years with the possibility of parole after service of 30% of the sentence. Our courts have long-recognized "the ability of the

2

State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations" which "are properly characterized as *non-jurisdictional*." *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (emphasis added).

As the trial court correctly held, the Appellant's sentence is not illegal under Rule 36.1 because his sentence was specifically authorized by statute. *See* Tenn. Code Ann. § 40-35-112(a)(2).

The Appellant appears to raise for the first time in his brief on appeal an issue relating to the representation by his attorney at the guilty plea and sentencing hearings. That issue was not presented to the trial court and thus it is waived on appeal. *See, e.g., Butler v. State*, 789 S.W.2d 898, 902 (Tenn. 1990).

Accordingly, the order of the trial court denying the Appellant's "motion to correct sentence" is hereby affirmed pursuant to Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE

3