IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2016

**STATE OF TENNESSEE v. PAUL SAMUEL ESLINGER**

**Appeal from the Circuit Court for Sevier County
No. 17752, 18304, 18493   Richard R. Vance, Judge**
_____

**No. E2015-02126-CCA-R3-CD – Filed July 19, 2016**
_____


Paul Samuel Eslinger, the Defendant, pleaded guilty to two counts of sale of a Schedule II controlled substance, both Class C felonies, and one count of sale of a Schedule I controlled substance, a Class B felony, and was sentenced pursuant to a plea agreement to three thirty-year concurrent sentences. On appeal, the Defendant argues that the trial court erred when it did not allow him to withdraw his guilty pleas. Upon review, we conclude that the Defendant's negotiated sentences were illegal and the trial court exceeded its jurisdiction when it accepted the negotiated sentences as part of the plea agreement. Therefore, the trial court should have allowed him to withdraw his guilty pleas. The judgments of the trial court are reversed, and the case is remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

James R. Hickman, Jr. (on appeal) and Samantha A. McCammon (at trial), Sevierville, Tennessee, for the appellant, Paul Eslinger.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; James B. Dunn, District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

<u>Factual and Procedural Background</u>

On September 17, 2012, the Sevier County Grand Jury indicted the Defendant for sale of Schedule II controlled substance and for delivery of Schedule II controlled

substance with an offense date of April 20, 2012 (case number 17752). The trial court entered an "Order for Appearance Bond" in the amount of $10,000.00 on September 17, 2012. The appearance bond was approved on October 1, 2012.

On March 4, 2013, the grand jury indicted the Defendant for sale of Schedule II controlled substance and for delivery of Schedule II controlled substance with an offense date of August 20, 2012 (case number 18304).

On May 14, 2013, the grand jury indicted the Defendant for sale of schedule I controlled substance and for delivery of Schedule I controlled substance with an offense date of October 12, 2012 (case number 18493).

The State filed a "Notice of Intent to Seek Enhanced Punishment and Notice of Enhancement Factors" stating the Defendant was a "Career Offender" and listing five felony convictions. Attached to the notice was the Defendant's "Criminal History Report."

The parties entered into a "Plea Agreement" and the Defendant executed a "Waiver of Jury Trial and Guilty Plea." The Plea Agreement called for the Defendant to plead guilty to two counts of Class C felony sale of Schedule II controlled substance and one count of Class B felony sale of Schedule I controlled substance in exchange for three concurrent sentences of thirty years' incarceration as a persistent offender with 45% release eligibility. Additionally, the Plea Agreement stated, "All charges to run concurrent [at] Range III, net of [thirty] years [at] 45%." The three counts of delivery were dismissed. The trial court conducted a plea hearing during which the Defendant, after being advised of certain constitutional and statutory rights, entered a guilty plea to the three counts of selling a controlled substance. The Defendant was sentenced in accordance with the plea agreement.

Within thirty days of the entry of his plea, the Defendant filed a "Motion to Withdraw Guilty Plea" in which he "assert[ed] his innocence as to the charge of possession with intent to sell schedule I and [] state[d] that due to his age, the plea agreement currently on record is in effect a life sentence." At the hearing on the Motion to Withdraw Guilty Plea, the Defendant testified that his attorney informed him that he would be sentenced to thirteen years at 45% and that he "signed the papers for thirteen years." However, during the plea colloquy the trial judge announced that the Defendant's agreed-upon sentence was thirty years. The Defendant said he would not have agreed to a thirty-year sentence because he was almost seventy-five years old and he did not expect to live to the end of a thirty-year sentence. On cross-examination, the Defendant agreed that the written plea agreement said thirty years. The Defendant explained that he could not read well so he did not read the plea agreement when he signed it.

Trial counsel testified that the Defendant was sentenced to three concurrent thirty-year sentences pursuant to the plea agreement. She denied telling the Defendant that the negotiated plea was thirteen years.

On July 13, 2015, the trial court entered an order denying the motion to withdraw the guilty pleas. An untimely notice of appeal was filed August 24, 2015, accompanied by a "Motion to Accept 'Notice of Appeal.'" This court granted the late-filed notice of appeal on November 16, 2015.

## II. Analysis

On appeal, the Defendant argues that he understood that he would be sentenced to thirteen years at 45%, not thirty years. Therefore, he asserts that his plea was "made based on a lack of hearing and understanding" and therefore was not voluntarily or intelligently entered. As such, the Defendant contends that the trial court erred when it denied his request to withdraw his guilty pleas. The State argues that the trial court "thoroughly explained the parameters of the plea agreement[,]" including the thirty-year sentence, and that the Defendant entered his plea knowingly and voluntarily. We agree with the State.

We review a trial court's decision on a defendant's motion to withdraw a guilty plea for an abuse of discretion. State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). "A trial court abuses its discretion when it applies incorrect legal standards, reached an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." Id. (citing State v. Jordan, 325 S.W.3d 1, 38-40 (Tenn. 2010)).

Tennessee Rule of Criminal Procedure 32(f) provides:

(1) *Before Sentence Imposed.* Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

(2) *After Sentence But Before Judgment Final.* After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Under this rule, a defendant who had pleaded guilty may unilaterally withdraw his guilty plea before or after sentencing. Phelps, 329 S.W.3d at 444. However, "[t]he defendant bears the burden of establishing sufficient grounds for withdrawing his plea." Id. Additionally, the Tennessee Supreme Court has stated:

Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea

- 3 -

of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process.

State v. Crowe, 168 S.W.3d 731, 741 (Tenn. 2005) (quoting Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963)). In the case of withdrawing a plea after sentencing, courts have previously determined that "manifest injustice" warrants withdrawing the plea when:

> (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.ED.2d 215 (1963), and this failure to disclose influenced the entry to the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

Phelps, 329 S.W.3d at 444; Crowe, 168 S.W.3d at 742. However, a defendant's "change of heart" or dissatisfaction with the sentence imposed is not manifest injustice which would warrant the withdrawal of the guilty plea. Crowe, 168 S.W.3d at 743.

Turning to this case, initially we note that there is nothing in the record to support the Defendant's claim that he negotiated a thirteen-year sentence to be served at 45%. The Plea Agreement signed by the Defendant and his counsel clearly showed three concurrent sentences of "[thirty] years [at] 45%." The plea colloquy is also clear as to the length of the sentence. In announcing the terms of the plea agreement, the assistant district attorney stated that the Defendant would receive three concurrent sentences of thirty years to be served at 45%. The trial court announced the sentence and sentenced the Defendant pursuant to the terms of the plea agreement to an effective sentence of thirty years at 45%. The issue as presented by the Defendant is without merit.

However, upon review we conclude that the terms of the Defendant's negotiated sentence for his Class C felony convictions were illegal, resulting in a manifest injustice that should allow the Defendant to withdraw his guilty pleas. Although not raised by either the Defendant or the State, the record clearly shows that the Defendant was sentenced to thirty years' incarceration for both of his Class C felony convictions. The maximum sentence for anyone convicted of a Class C felony is fifteen years. Tenn. Code Ann. § 40-35-111(a)(3). The sentencing range for a Range III offender convicted of a Class C felony is ten to fifteen years. Tenn. Code Ann. § 40-35-112(c)(3).

Sentencing is jurisdictional and must be executed in compliance with the 1989 Sentencing Act. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). "The 1989 Act establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits." Id. at 799. Parties may agree to a "hybrid" sentence that "'mixes and matches' range assignment, terms of years, and release eligibility[.]" Davis v. State, 313 S.W.3d 751, 760 (Tenn. 2010). However, parties cannot agree to a sentence that is less than the minimum sentence or exceeds the maximum sentence provided by statute. McConnell, 12 S.W.3d at 799. A bargained-for sentence that exceeds the maximum sentence available under the 1989 Act is "a nullity and cannot be waived." Id. Further, our supreme court has stated that "unauthorized sentences, including those that are in direct contravention of an applicable statute, [are] *illegal* as opposed to merely erroneous." Davis, 313 S.W.3d at 759; see also Tenn. R. Crim. P. 36.1 ("[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.").

In this case, the trial court exceeded its jurisdiction when it sentenced the Defendant to thirty years' incarceration for both Class C felony convictions. See Davis, 313 S.W.3d at 759; McConnell, 12 S.W.3d at 798-99. As to the Defendant's Class B felony conviction, we note that the thirty-year sentence was authorized by statute. See Tenn. Code Ann. § 40-35-112(c)(2) (Range III sentence for a Class B felony is "not less than twenty (20) years nor more than thirty (30) years"). However, it is clear from the record that the parties negotiated a package agreement. Therefore, we conclude that the trial court should have granted the Defendant's motion seeking to withdraw his guilty plea and reinstated the original charges against the Defendant.

Additionally, it appears from the record that the Defendant committed the Class B felony in case number 18493 while he was released on bond in case number 17752. The Defendant executed an appearance bond in case number 17752 on October 1, 2012, and the appearance bond was approved on the same date. The indictment and the judgment of conviction for case number 18493 show an offense date of October 12, 2012. If a defendant commits a felony while he or she was released on bond, and the defendant is convicted of both offenses, then "the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively." Tenn. Code Ann. § 40-20-111(b). Therefore, the concurrent alignment of the sentences in case number 17752 and 18493 was error.

### III. Conclusion

For the aforementioned reasons, the judgments of the trial court are reversed and remanded for further proceedings consistent with this opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -