IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 4, 2024 Session

## STATE OF TENNESSEE v. CORNELIUS WILLIAMS IV

**Appeal from the Criminal Court for Shelby County**
**No. 22-00996      Carlyn L. Addison, Judge**

_____

## No. W2023-01620-CCA-R3-CD
_____

KYLE A. HIXSON, J., concurring in part and dissenting in part.

I fully concur with my respected colleagues' reasoning and judgment as it relates to Parts I through IV of the majority opinion. As it relates to Part V, however, I must depart from the majority regarding the remedy for the trial court's imposition of an illegal sentence. I believe the Defendant has the right to a sentencing hearing upon remand. On this point alone, I dissent.

Sentencing hearings are generally mandatory before a sentence may be imposed: "Upon a verdict or plea of guilty, the court shall set and conduct a sentencing hearing except as provided in subsection (b)." Tenn. Code Ann. § 40-35-203(a). The record is clear that a sentencing hearing did not occur in this case; the trial court accepted the sentencing recommendation of the parties in lieu of conducting a hearing. In doing so, the trial court relied on the aforementioned exception in subsection (b): "Where the sentence is agreed upon by the district attorney general and the defendant and accepted by the court, the court may immediately impose sentence as provided in § 40-35-205(d) and no specific sentencing hearing or presentence reports shall be required." *Id*. § 40-35-203(b). Section 40-35-205(d) provides,

If the district attorney general and defendant agree on a specific sentence as to the offense classification, length or manner of service of sentence and the court accepts the sentence agreement as the appropriate disposition in the case, no presentence report or hearing shall be required unless so ordered by the court. . . . No sentence agreement shall be binding on the court, which may either accept or reject the agreement pursuant to Rule 11 of the Tennessee Rules of Criminal Procedure. *If the court rejects the sentence agreement, the defendant may elect to have a sentencing hearing with a presentence report.*

(Emphasis added).  Thus, the statute provides a defendant with the option of a sentencing hearing should the trial court reject the sentencing agreement presented by the parties.[1]

This provision is of especial importance here, as the trial court should have rejected the sentencing agreement in this case.  The parties agree, and the majority correctly concludes, that the sentence assigning a thirty-five-percent service rate to the offense of possession of a handgun by a person convicted of a felony was illegal.  *See* 2021 Tenn. Pub. Acts, ch. 108, §§ 12, 14 (effective July 1, 2021, requiring an eighty-five-percent service rate for this offense, less sentence credits earned and retained); *see also Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (noting a sentence is illegal if it assigns a release eligibility date that is specifically prohibited by statute).  The trial court should have rejected the sentencing agreement proffered by the parties because it called for the imposition of an illegal, void judgment—"one that is facially invalid because the court did not have the statutory authority to render such judgment."  *See Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

Had the trial court so rejected the agreement, the next step would have been obvious: either allow the parties to renegotiate a mutually agreeable, legal sentence, *see McConnell v. State*, 12 S.W.3d 795, 800 (Tenn. 2000), or allow the Defendant to execute his right under section 40-35-205(d) to have a sentencing hearing.  However, in my opinion, the trial court *lacked the authority* at that juncture to impose a sentence that was neither agreed to by the parties nor determined without a formal sentencing hearing and a full consideration of the purposes and principles of the Sentencing Reform Act.  Yet that is what the majority is instructing the trial court to do on remand.

On remand, I would restore the parties to the *status quo ante* by vacating the sentences imposed pursuant to the prior illegal agreement.  The parties would be free at that point to negotiate a mutually agreeable sentencing agreement, so long as it is statutorily authorized under our laws.  In lieu of an agreement, the Defendant is entitled to a sentencing hearing that meets the requirements of Tennessee Code Annotated section 40-35-209.  Accordingly, I respectfully dissent.

_____
KYLE A. HIXSON, JUDGE

---

[1] Section -205(d)'s reference to Tennessee Rule of Criminal Procedure 11 is, in my view, inapplicable to the instant case, which involves a sentencing agreement reached following a jury's guilty verdict.  Rule 11, by its terms, applies only to sentencing agreements reached in conjunction with pleas of guilty.