# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 17, 2003

## MICHAEL T. GUTHRIE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lincoln County**
**No. S0300037     Charles Lee, Judge**

---

**No. M2003-00832-CCA-R3-PC - Filed December 11, 2003**

---

The petitioner appeals the summary dismissal of his post-conviction petition, alleging that proof of counsel's substance abuse was a "late-arising" claim that involved due process concerns. The petitioner also challenged his hybrid sentence as to voluntary manslaughter as illegal and unconstitutional. We affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Michael T. Guthrie, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; W. Michael McCown, District Attorney General; and Ann L. Filer, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

The petitioner, Michael T. Guthrie, appeals the summary dismissal of his *pro se* post-conviction petition. The petition was dismissed based on an untimely filing. The petitioner alleges it is a "late-arising" claim, which would excuse the lack of timeliness on due process grounds.

On November 1, 1999, the petitioner entered negotiated guilty pleas on two charges. A charge of attempted first degree murder, originating in Marshall County, was reduced to attempted second degree murder with a sentence of ten years as a Range I, standard offender. A first degree murder charge, originating in Lincoln County, was reduced to voluntary manslaughter with a hybrid sentence of fifteen years to be served as a Range I offender. The sentences were ordered to run concurrently.

The petition alleges four grounds as a basis for relief:
1) Denial of effective assistance of counsel;
2) Denial of due process;
3) He was illegally sentenced on the voluntary manslaughter conviction; and
4) He was not advised of the intent element required for an attempted second degree murder conviction.

The petitioner filed his claim for post-conviction relief on March 6, 2003. The claim was summarily dismissed by the trial court due to its untimeliness. The petitioner characterizes his claim as "late-arising," due to the filing in July, 2002, of a Board of Professional Responsibility action concerning the petitioner's counsel. The petitioner claims that the Board placed his counsel on probationary status and required him to undergo treatment for substance abuse. Although the petitioner was first advised in September of 1999 that his counsel was being treated for chemical dependency, the petitioner contends that he did not have proof until the release of the decision by the Board of Professional Responsibility.

We review the timeliness of the petitioner's claim by reference first to the appropriate statute of limitations on post-conviction claims. Tennessee Code Annotated section 40-30-202(a) (now section 40-30-102(a)) provides that period to be one year from the date on which the conviction becomes final. The statute sets forth three exceptions in the following circumstances: if the claim (1) is based on a final ruling of an appellate court establishing a constitutional right to be retroactively applied, which was not recognized at the time of the trial; (2) is based on new scientific evidence establishing that the petitioner is "actually innocent;" or (3) seeks relief from a sentence enhanced by previous convictions that have since been held invalid. Tenn. Code Ann. § 40-30-202(b) (now § 40-30-102(b)).

In addition to these exceptions, our supreme court has recognized that due process prohibits the strict application of the post-conviction statute of limitations when the grounds for relief arise after the point at which the limitations period would normally have begun to run. Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992).

The petitioner characterizes his claim as later-arising due to the later action filed by the Board of Professional Responsibility, which apparently made reference to substance abuse by the petitioner's counsel. The petitioner's claim ignores the fact that this is a claim of ineffective counsel. Issues challenging guilty pleas and ineffective assistance of counsel are not later-arising claims. Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000).

The petitioner must meet the standard of showing that the services rendered and advice given were below the "range of competence demanded of attorneys in criminal cases," Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and that those deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). In regard to his guilty plea, the petitioner must show a reasonable probability that, but for his counsel's erroneous advice, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

It is not sufficient to merely attach a cloud of suspicion to counsel by a showing of alcohol or drug abuse during representation of the petitioner. Our courts and other jurisdictions, while deploring the conduct, have repeatedly said that "alcohol or drug abuse by the defense attorney, without specific proof of its effect on performance, does not merit relief." Brimmer v. State, 29 S.W.3d 497, 510 (Tenn. Crim. App. 1998). If in this instance, counsel's representation was deficient, those deficiencies existed at the time of the guilty plea and were not dependent on a later action by the Board of Professional Responsibility.

The petitioner also contends that his sentence was illegal in that the sentence which the petitioner accepted in his plea bargain was in excess of the range for which he would ordinarily qualify. This argument has been rejected in that offender classification and release eligibility are non-jurisdictional and are legitimate bargaining tools under the Criminal Sentencing Reform Act of 1989. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997).

The petitioner relies on the case of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), for the proposition that the hybrid sentence in this matter is unconstitutional. Without conceding Apprendi's applicability to these facts, we note that Tennessee Code Annotated section 40-30-202(b) (now section 40-30-102(b)) requires any claim based on a newly recognized constitutional right to be filed without one year of the ruling. Thus, if Apprendi were applicable, it would have necessitated a filing of the post-conviction petition by June of 2001.

The petitioner has not shown that he is entitled to relief. Based on the foregoing and the record as a whole, we affirm the trial court's dismissal of the post-conviction petition as being time-barred.

_____
JOHN EVERETT WILLIAMS, JUDGE