# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 4, 2003 Session

## STATE OF TENNESSEE v. JOY NELSON

**Direct Appeal from the Circuit Court for Gibson County**
**No. 14872-1     L.T. Lafferty, Judge**

---

**No. W2003-00798-CCA-R3-CD  - Filed December 19, 2003**

---

The Defendant, Joy Nelson, appeals from the trial court's denial of her motion to correct an illegal sentence. The Defendant pled guilty to second degree murder, a Class A felony. She was classified as a Range I offender. She agreed to a sentence of forty years, which is outside the range of a Range I offender, Class A felony. We find that the sentence is proper because the Defendant knowingly and voluntarily agreed to it.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the appellant, Joy Nelson.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Garry Brown, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1994, the Defendant was indicted for first degree murder. On April 10, 1995, she pled guilty to second degree murder, a Class A felony. A Range I offender convicted of a Class A felony is subject to a potential sentence of fifteen to twenty-five years. See Tenn. Code Ann. § 40-35-112(a)(1). However, as a condition of her plea, the Defendant agreed to a sentence of forty years even though she was classified as a Range I offender and received a Range I release eligibility date. For a Class A felony, forty years is a Range II sentence. See id. § 40-35-112(b)(1). On July 16, 2002, the Defendant filed a "Motion for Correction of Illegal Sentence," which the trial court denied. It is from the denial of her motion that the Defendant now appeals.

The trial court's action on the Defendant's motion to correct an illegal sentence is not directly appealable under Rule 3(b) of the Tennessee Rules of Appellate Procedure. See Cox v. State, 53

S.W.3d 287, 293 (Tenn. Crim. App. 2001). Therefore, to the extent that this record presents only an appeal from the trial court's denial of the Defendant's motion, this case is not properly before this Court. However, the trial court, citing Cox, determined that the Defendant's motion should be treated as a petition for writ of habeas corpus. "The phrase 'illegal sentence' is synonymous with the habeas corpus concept of a void sentence." Id. at 292. "[A] claim that merely asserts a void sentence, even though it may not assert a void conviction, is cognizable as a habeas corpus proceeding." Id. Therefore, the appropriate procedure for challenging an illegal sentence is a petition for writ of habeas corpus. See id.

However, the Defendant failed to comply with the procedural requirements for properly filing a habeas corpus petition. First, the Defendant did not file her motion in the proper venue for a habeas corpus action. Under Tennessee Code Annotated section 29-21-105, a petition for writ of habeas corpus must be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Generally, this is in the county in which the applicant is incarcerated. See, e.g., Lewis v. Metropolitan Gen. Sessions Ct., 949 S.W.2d 696, 700 (Tenn. Crim App. 1996). The "Motion for Correction of Illegal Sentence" was filed in Gibson County; however, the record reflects that the Defendant is incarcerated in Shelby County.

Second, the motion does not comply with the drafting requirements for a petition seeking the writ of habeas corpus. According to Tennessee Code Annotated section 29-21-107(b), a petition for writ of habeas corpus shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

The Defendant failed to name the warden in her motion as required by subsection (1). Additionally, a panel of this Court has already ruled upon the legality of the Defendant's sentence. In Joy Nelson v. State, No. W1999-01885-CCA-R3-PC, 1999 WL 1532150 (Tenn. Crim. App., Jackson, Dec. 20, 1999), a panel of this Court reviewed the trial court's denial of the Defendant's petition for post-

conviction relief. Although the court determined that her post-conviction appeal was time-barred, it ruled upon the legality of her sentence. In so ruling, the court relied upon Hicks v. State, 945 S.W.2d 706 (Tenn. 1997).

In Hicks, the defendant pled guilty to a Class C felony. Pursuant to the plea agreement, he was sentenced as a Range I offender with a Range I release eligibility. However, the plea agreement provided for a sentence of ten years, which, for a Class C felony, is a Range II sentence. Our supreme court ruled that this "hybrid" sentence was valid because it was imposed pursuant to a plea agreement that was entered voluntarily and knowingly. See id. at 709.

In the Defendant's post-conviction appeal, this Court stated:

> We find the holding in Hicks controlling in this case where, as in Hicks, a sentence was imposed that was outside the span of years of the offense, based on the agreed range of the offender, but within the overall statutory span of years for the class of felony. Therefore, we conclude that petitioner's plea bargain agreement was valid and the sentence legal.

Joy Nelson v. State, 1999 WL 1532150, at *3. Although a panel of this Court has already ruled that the Defendant's sentence is legal, she now relies upon McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), to support her position that her forty-year sentence is illegal. Because an illegal sentence may be corrected at any time, see State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978), we will address the Defendant's contention.

In McConnell, the defendant pled guilty and agreed to sentences under the 1982 Sentencing Act, although the 1989 Sentencing Act had already taken effect. The defendant pled guilty to a Class A felony and six Class B felonies. He agreed to a sentence of thirty-five years as a Range I offender for the Class A felony, to concurrent ten-year sentences for five of the Class B felonies, and to a consecutive thirty-five year sentence for the sixth Class B felony. Our supreme court held that the trial court's jurisdiction to sentence the defendant was limited by the 1989 Sentencing Act, which sets the parameters within which the State and the defendant must negotiate. See McConnell, 12 S.W.3d at 798-99. The court stated that the thirty-five year sentences imposed pursuant to the 1982 Sentencing Act exceeded the maximum twenty-five year and twelve-year sentences for a Range I offender under the 1989 Act. See id. at 800.

This Court has previously addressed the argument raised by the Defendant, that McConnell deprives trial courts of jurisdiction to impose a sentence that exceeds the maximum statutory penalty in a defendant's range, even where the defendant agreed to the sentence. See Bland v. Dukes, 97 S.W.3d 133 (Tenn. Crim. App. 2002). As the court in Bland noted, "the McConnell court cited Hicks with approval and affirmed that its decision did not alter 'the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain

negotiations.'" Id. at 135 (quoting McConnell, 12 S.W.3d at 798). "In light of McConnell's affirmation of Hicks, this [C]ourt has concluded that the plea agreement in McConnell was nullified because it was expressed in terms of the 1982 Act, not because the number of years was outside the range." Bland, 97 S.W.3d at 135 (citations omitted). In this case, the Defendant negotiated her plea agreement using the terms of the 1989 Sentencing Act; therefore, the mixing of the length of her sentence and her release eligibility status is permissible under Hicks, in which our supreme court stated that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." 945 S.W.2d at 709; see also State v. Melvin Waters, No. M2002-01297-CCA-RM-CD, 2003 WL 141087, at *2 (Tenn. Crim. App. Nashville, January 16, 2003).

Finding that the Defendant's sentence is not illegal, we affirm the judgment of the trial court

_____
DAVID H. WELLES, JUDGE