IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## BRIAN K. MITCHELL v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 04-CR-8561     R. Lee Moore, Jr., Judge**

_____

**No. W2004-01246-CCA-R3-HC  - Filed December 10, 2004**

_____

The petitioner, Brian K. Mitchell, appeals pro se from the Lake County Circuit Court's dismissal of his petition for habeas corpus relief. The petitioner attacks his conviction for especially aggravated burglary, a Class B felony, for which he received a thirty-year sentence. He contends that his sentence is illegal because, although he is a Range I, standard offender, the sentence he received is the maximum within Range III. We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Brian K. Mitchell, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and C. Phillip Bivens, District Attorney General.

**OPINION**

The record reflects that on October 2, 1998, the petitioner pled guilty to one count of especially aggravated burglary. See T.C.A. § 39-14-404(c). The plea agreement stipulated that the petitioner's sentence would be thirty years, the maximum sentence within Range III, but that his release eligibility status would be thirty percent as a Range I, standard offender. The petitioner subsequently filed a petition for habeas corpus relief alleging that his conviction was void because his sentence was illegal, and the trial court dismissed the petition. On appeal, the petitioner contends that the trial court erred in dismissing his petition. The state contends that the trial court's dismissal was proper because the petitioner's sentence was not void. We agree with the state.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition for the writ of habeas corpus may only be brought if the judgment is void

or the sentence has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).  However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted.  Id. at 161.  "If the face of the record shows that the court did not have jurisdiction, then the judgment is void."  Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).  The determination of whether relief should be granted is a question of law which this court reviews de novo.  Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The petitioner contends that his thirty-year sentence as a Range I offender exceeds the maximum sentence in that range for a Class B felony, which is twelve years.  See T.C.A § 40-35-112(a)(2).  He argues that although he agreed to this sentence, the trial court lacked jurisdiction to impose a sentence that exceeded the statutory penalty for his range.  The state notes that a hybrid sentence may include the length of incarceration in one range and the release eligibility percentage in another.  It argues that as long as the term of years does not exceed the term allowed for the felony class, a defendant may lawfully agree to its imposition.

Our supreme court has held that offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989.  McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997).  In Hicks, the petitioner pled guilty to voluntary manslaughter, a Class C felony, and agreed to a hybrid sentence involving a Range II length of incarceration of ten years and a Range I release eligibility of thirty percent.  See T.C.A. § 40-35-112(a)(3), -(b)(3).  He subsequently petitioned for post-conviction relief, contending that his ten-year sentence was in contravention of the 1989 Sentencing Act when coupled with his thirty percent release eligibility status.  The court concluded that such hybrid sentences were permissible under the 1989 Act and held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility."  Hicks, 945 S.W.2d at 709.

The petitioner relies upon McConnell and State v. Cutwright, No. 92C01-9108-CC-00175, Henderson County (Tenn. Aug. 31, 1992) (order), and argues that his sentence cannot exceed the maximum sentence in the range that establishes the release eligibility status.  In both cases, the petitioners pled guilty and agreed to sentences under the 1982 Sentencing Act, although the 1989 Act had already taken effect.  In Cutwright, the petitioner was sentenced to fifty years as a Range II offender with a forty percent release eligibility status under the 1982 Act.  The supreme court observed that the 1989 Act applied and that the maximum sentence for a Range II offender under the 1989 Act was forty years, as opposed to fifty years under the 1982 Act.  Cutwright, slip op. at 1.  The court held that the sentence was void and remanded the case to the trial court for correction of the sentence or withdrawal of the guilty plea.  Id. at 2.  In Hicks, the supreme court explained that it did not disapprove of the mixing of offender classifications and release eligibility percentages in Cutwright. 945 S.W.2d at 709 n.9.  Instead, it deemed the judgment facially void because the defendant was sentenced under the 1982 Act and forty percent release eligibility status did not exist under the 1989 Act.  Id.

In McConnell, the petitioner pled guilty to second degree murder, a Class A felony, and six counts of robbery with a deadly weapon, a Class B felony. He agreed to a sentence of thirty-five years as a Range I offender under the 1982 Sentencing Act for the murder conviction, to concurrent ten-year sentences for five of the robbery counts, and to a thirty-five year sentence for the sixth robbery count to run consecutively to the murder sentence. The court held that the trial court's jurisdiction to sentence the petitioner was limited by the 1989 Sentencing Act, which sets the limits within which the state and the accused can negotiate. 12 S.W.3d at 798-99. It stated that the thirty-five-year sentences imposed pursuant to the 1982 Act exceeded the maximum twenty-five-year and twelve-year sentences for a Range I offender under the 1989 Act. Id. at 800.

The petitioner relies upon McConnell to argue that the trial court did not have jurisdiction to impose a sentence that exceeded the maximum statutory penalty for his range although he agreed to the sentence. Yet, we note that the McConnell court cited Hicks with approval and affirmed that its decision did not alter "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations." McConnell, 12 S.W.3d at 798. In light of McConnell's affirmation of Hicks, this court has concluded that the plea agreement in McConnell was nullified because it was expressed in terms of the 1982 Act, not because the number of years was outside the range. Bland v. Dukes, 97 S.W.3d 133, 135-36 (Tenn. Crim. App. 2002).

The judgment form used in this case provides boxes to check that, relevant to the case, are designated "Standard 30% Range 1," "Multiple 35% Range 2," and "Persistent 45% Range 3." It has no boxes that would reflect the particulars of the petitioner's agreement, although it does state as a special condition that the plea was entered under Hicks. We note that the judgment form now being provided pursuant to Tenn. Sup. Ct. R. 17 has a set of boxes for offender status and another set of boxes for release eligibility which would allow the judgment to reflect an agreement like the petitioner's.

In the present case, the petitioner negotiated his plea agreement using the terms of the 1989 Act. The mixing of length of incarceration and the release eligibility status was permitted under Hicks. Thus, the petitioner's judgment reflects a guilty plea and a hybrid sentence, which do not contravene the 1989 Sentencing Act. The petitioner is not entitled to relief.

Based upon the foregoing and the record as a whole, we affirm the trial court's dismissal of the petition for habeas corpus relief.

_____
JOSEPH M. TIPTON, JUDGE