IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## DARRELL JONES, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 244008     Stephen M. Bevil, Judge**

---

**No. E2004-00835-CCA-R3-PC - Filed February 10, 2005**

---

The Appellant, Darrell Jones, Jr., appeals the Hamilton County Criminal Court's dismissal of his petition for post-conviction relief. Jones was indicted for first degree murder; however, the plea agreement permitted Jones to enter a guilty plea to the reduced charge of second degree murder. As part of the agreement, he accepted a forty-five year sentence as a Range III offender despite only meeting the statutory criteria for a Range I offender. On appeal, Jones raises the issue of whether trial counsel was ineffective for failing to inform Jones of the ramifications of pleading outside his range. Following review of the record, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Hallie H. McFadden, Chattanooga, Tennessee, for the Appellant, Darrell Jones, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Seth P. Kestner, Assistant Attorney General; William H. Cox III, District Attorney General; Jason Thomas and Neal Pinkston, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

The factual basis for the Appellant's plea, as summarized by the State at the guilty plea hearing, established that:

. . . on August 18th of the year 2000, here in Hamilton County, the [Appellant] knew victim, John Palchak, and he, along with the co-defendant, Sarah Bryant, were involved in the murder of [the victim].

. . . [T]he victim was taken to an area in the Woodlawns area here in Hamilton County, and while at that area, he was beaten. And there is a witness who saw the [Appellant] with a, an item in his hand raised up into the air. [The victim] had a skull fracture as a result of being beaten about the head.

In addition to that, Mr. Palchak was shot once in the face and once behind the ear, that being the fatal wound causing his death. . . .

The facts would be that there were witnesses that would say that this crime was, in fact, premeditated; that there had been planning that had gone into it in the days preceding the murder.

There would also be facts that after the murder, both of the defendants left in the victim's car and then abandoned it a short distance from where he was murdered.

They took a cab. [The Appellant] went back to - - went – not back, but went to his place of employment and there gave the gun to another individual, indicating that basically he, in fact, had killed the victim and had been involved in his murder. . . .

In February 2001, a Hamilton County grand jury returned a three-count indictment charging the Appellant, as a Range I offender, with first degree premeditated murder, first degree felony murder, and especially aggravated robbery. On July 11, 2002, the Appellant waived his right to a jury trial and entered a guilty plea to the reduced charge of second degree murder as a Range III offender. As part of the agreement, the Appellant agreed to the sentence, which was outside his range, and was sentenced to forty-five years in the Department of Correction as a violent offender. No direct appeal was taken.

In April 2003, the Appellant filed a *pro se* petition for post-conviction relief alleging that he was denied the effective assistance of counsel because trial counsel failed to explain the ramifications of pleading outside his statutory sentencing range. Counsel was later appointed, but no amended petition was filed. On September 8, 2003, a post-conviction hearing was held. The post-conviction court dismissed the Appellant's petition, and this appeal followed.

**Analysis**

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-110(f) (2003). To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law*, are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

First, on appeal, the Appellant contends that trial counsel was ineffective because counsel "failed to advise [the Appellant] that the Range to which he pled guilty didn't matter because he would serve 100% of the time on a plea to Second Degree Murder regardless of his range."[1] This allegation is directly contradicted by the proof at the post-conviction hearing. Trial counsel testified that the proof against the Appellant was very compelling, and the State showed little willingness to negotiate for less than a first degree murder conviction.[2] Counsel further testified that he advised the Appellant that a person convicted of first degree murder would be eligible for parole after service of fifty-one years. After discussions with the State, trial counsel was able to negotiate a plea agreement for a term of forty-five years as a Range III offender. Trial counsel further explained to the Appellant that it was not the range which controlled his parole date, rather, it was the violent offender statute which required service of 85%, at a minimum, of the sentence. *See* Tenn. Code Ann. § 40-35-501(i)(1),(2) (2003). "So for purposes of the range, it doesn't matter, the 30, 35 or 45 percent."

Moreover, at the hearing, the Appellant admitted that trial counsel explained the terms and consequences of the State's proposed plea offer to him and the fact that the "range didn't matter either which way."[3] The Appellant also acknowledged that trial counsel advised him that, should he be convicted of first degree murder, he would be eligible for parole after service of fifty-one years.

---

[1] We are somewhat puzzled by the argument that trial counsel's representation was deficient because counsel "failed to advise" on a matter that "didn't matter." We believe this would fall under the heading of a nonmaterial matter, thus non-prejudicial. Nonetheless, we elect review of the issue.

[2] At the hearing, the Appellant testified that he wanted to assert the defense of self-defense, although he acknowledged that he had made certain admissions to the police and that the victim had "seven blunt trauma injuries to the head" in addition to "two gunshot wounds to the head."

[3] The plea agreement, which was signed by the Appellant, expressly provided that the Appellant would receive a sentence of "45 years at 100%" for second degree murder.

Second, the Appellant contends that trial counsel allowed the Appellant to plead as a Range III offender when he was subject only to a Range I sentence.[4] Offender classification is a "non-jurisdictional and legitimate bargaining tool[] in plea negotiations. . . ." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997)). The sentence imposed upon the Appellant is not an illegal sentence, as the Appellant appears to asserts, despite the fact that he statutorily qualifies only as a Range I offender based upon his lack of criminal history. A defendant can agree as part of a plea agreement to be sentenced as a Range III offender, although only meeting the criteria for Range I, as long as the sentence imposed is within the statutory limits fixed for the offense. *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987); *see also McConnell*, 12 S.W.3d at 798. The possible range of punishment for second degree murder is fifteen to sixty years. Tenn. Code Ann. § 39-13-210 (2003); Tenn. Code Ann. § 40-35-112 (2003). Trial counsel testified that he informed the Appellant that he would have to accept the higher range in order to get the forty-five-year sentence offered by the State, which the Appellant acknowledged was in his best interests. Clearly, in this case, no prejudice has been shown as the Appellant's plea agreement permitted him to be sentenced to forty-five years as a violent offender as opposed to life imprisonment as a violent offender.[5]

At the conclusion of the hearing, the post-conviction court found:

> that the [Appellant] has failed to show that he was denied ineffective [sic] assistance of counsel or that his plea was not knowingly and voluntarily entered. The testimony of [trial counsel] as well as the Petition to Enter Plea of Guilty, and the transcript of the guilty plea hearing show that [the Appellant] was fully advised of his rights and that he understood those rights. He was fully explained the plea and that he understood that plea, and that he entered the plea that was offered in his best interests. According to [trial counsel's] testimony the facts in the case were really bad and the defense was really bleak. The proof in the case against the [Appellant] was overwhelming[.] . . .

The proof does not preponderate against these findings. At the post-conviction hearing, trial counsel testified that he thoroughly explained the ramifications of accepting a sentence outside the appropriate statutory range and that he reviewed the plea agreement in detail with the Appellant. Moreover, the record establishes that the trial court, before accepting the plea, reviewed the sentence

---

[4]Although not raised as an issue, the Appellant appears to allege that his guilty plea was neither voluntarily nor knowingly entered. First, we would note that the Appellant does not raise this proposition in the form of an issue as required by Tenn. R. App. P. 27(a)(4). More importantly, the post-conviction court found the Appellant's guilty plea was knowingly and voluntarily entered, and the proof does not preponderate against this finding.

[5]Both first degree murder and second degree murder are classified as violent offenses. Tenn. Code Ann. § 40-35-501(i)(2). The Appellant was sentenced as a violent offender under the provisions of Tenn. Code Ann. § 40-35-501(i)(1). Thus, assuming the Appellant earns and retains sentence credits of fifteen percent, his earliest parole eligibility date would occur after service of 38.25 years. If the Appellant had received a life sentence for first degree murder, assuming he earned sentence credits of fifteen percent, he would be eligible for parole after service of 51 years. Tenn. Code Ann. § 40-35-501(h)(1), (i)(1).

in painstaking detail with the Appellant. The post-conviction court obviously accredited trial counsel's testimony that he fully advised the Appellant with regard to the consequences of his guilty plea, and we will not reweigh or reevaluate the evidence or substitute our inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 578-79. Questions concerning the credibility of witnesses, the weight and value given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial court. *Id.* at 579.

Accordingly, we conclude that the Appellant has not proven by clear and convincing evidence that trial counsel's performance was outside the range of competence demanded of attorneys in criminal cases. Moreover, after considering the totality of the circumstances, the Appellant certainly has failed to show evidence that but for counsel's errors, he would not have pled guilty. A letter written by the Appellant to trial counsel perhaps best establishes the Appellant's motive for this collateral attack:

> I want to let you know that I thank you for all the things you did for me! . . . I was blessed to get you when I did! . . . I also wanted to ask you how do I go about coming back to the court to get some of this time off of me! I already have the appeal form and the only way I can see to come back is to say ineffective assistance in counseling but in all honesty I really don't want to do that! . . . I don't want to combat the conviction just the amount of time hopefully we can find a hole in the DA's web about my range waiver. . . .

## CONCLUSION

Based upon the foregoing, we affirm the dismissal of the post-conviction petition by the Hamilton County Criminal Court.

_____
DAVID G. HAYES, JUDGE