IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## DWIGHT K. PRITCHARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3612      Cheryl Blackburn, Judge**

_____

**No. M2005-00594-CCA-R3-HC - Filed December 16, 2005**

_____

The Petitioner, Dwight K. Pritchard, appeals the summary dismissal of his petition for a writ of habeas corpus. The Petitioner contends that the guilty pleas he entered were not knowing and voluntary because the sentences imposed by the trial court are illegal. Following a thorough review of the record and applicable law, we reverse the judgment of the trial court summarily dismissing the petition. We remand this case to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;
Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. DAVID G. HAYES, J., filed a dissenting opinion.

Dwight K. Pritchard, Pro Se.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

BACKGROUND

The trial court in this habeas corpus proceeding did not grant the Petitioner's request for counsel, and the Petitioner is proceeding *pro se* on appeal. The record on appeal before this Court contains only the petition and the trial court's order of dismissal. The Petitioner attached to his petition copies of five judgments of conviction, each entered on a plea of guilty, rendered in the Criminal Court of Shelby County. In the habeas corpus petition filed in the trial court, the Petitioner argued that these guilty pleas were not knowing and voluntary because the concurrent sentences

imposed by the sentencing court as a result of the pleas were in direct contravention of Rule 32(c)(3) of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated section 40-20-111(b).

The copies of the judgments provided by the Petitioner reflect that he pleaded guilty in Shelby County on September 24, 1998, to two counts of aggravated robbery, two counts of possession with intent to sell over 0.5 grams of cocaine, and one count of vandalism. The judgments further reflect that the Petitioner received ten year sentences for each aggravated robbery and possession conviction and a two year sentence for the vandalism conviction, each sentence ordered to be served concurrently for an effective ten year sentence. The offense date for each conviction is different. According to the Petitioner, after he was charged with the first offense, aggravated robbery (offense date of November 16, 1996), he was released on bail but was then subsequently arrested and charged with the second offense of aggravated robbery (offense date of February 13, 1997). The Petitioner states that he was released on bail again after the second charge but was, thereafter, arrested and charged with possession (offense date of November 14, 1997). The Petitioner apparently was again released on bail before he was charged with vandalism (offense date of August 30, 1997). Finally, the Petitioner states that he was on bail yet again when he was arrested and charged with possession for the second time (offense date of March 24, 1998).

In its order of dismissal, the trial court recounted the Petitioner's statement of facts which we have attempted to summarize above. The court noted that the "Petitioner is correct that sentences are to be run consecutively when a defendant is 'sentence[d] for a felony where the defendant was released on bail and the defendant is convicted of both offenses.'" The trial court quoted the controlling language from Tennessee Rule of Criminal Procedure 32(c)(3)(C), and also cited our supreme court's opinion in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). However, the court ultimately denied habeas corpus relief to the Petitioner because the Petitioner failed to provide the court with sufficient documentation showing that he was indeed released on bail when he committed the subsequent offenses.

ANALYSIS

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. Art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A sentence imposed in direct contravention of a statute is illegal and, thus, void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a trial court to summarily dismiss a habeas

corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Relying upon the ruling in McLaney, as he did in the habeas court, the Petitioner advances the same argument on appeal: his guilty pleas were not knowing and voluntary because the concurrent sentences imposed by the sentencing court as a result of the pleas were in direct contravention of the law. Assuming the Petitioner's factual allegations are true, the sentencing court was required to impose consecutive rather than concurrent sentences. As mandated by statute:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b). Furthermore, Rule 32(c)(3) of the Rules of Criminal Procedure provides:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) To a sentence for a felony committed while on parole for a felony;
> (B) To a sentence for escape or for a felony committed while on escape;
> (C) *To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses*; and
> (D) Any other ground provided by law.

(Emphasis added).

The habeas corpus court dismissed the petition in this case because the Petitioner did not provide factual documentation to support his argument. Again, the burden rests with a petitioner to prove by a preponderance of the evidence that his sentences are illegal. Wyatt, 24 S.W.3d 322. If a petitioner fails to meet this burden, he or she may be denied habeas corpus relief. See Archer, 851 S.W.2d at 164. Although the Petitioner attached to his petition copies of the Shelby County judgments of his convictions, the Petitioner did not present any evidence to the trial court to establish that he was, in fact, on bail during the commission of the offenses at issue. Accordingly, the trial court arguably ruled appropriately under the general principles of habeas corpus law. However, we believe the supreme court's holding in McLaney mandates a different result.

-3-

The procedural history of the habeas corpus case before us is almost identical to the history set forth in McLaney. The petitioner in McLaney, proceeding without the benefit of counsel, filed a habeas corpus petition challenging the constitutionality of his guilty pleas in light of the trial court's imposition of concurrent sentences in contravention of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). 59 S.W.3d at 92. The petitioner asserted in his petition that he was released on bail for one charge of rape when he was subsequently charged with third degree burglary and another offense of rape. Id. The petitioner thereafter pled guilty to all three charges and the trial court imposed concurrent sentences. Id.

The habeas corpus court in McLaney denied relief on the petitioner's claim. Id. This Court affirmed the judgment on appeal. Jackie McLaney v. State, No. M1998-00187-CCA-R3-CD, 1999 WL 1073689 (Tenn. Crim. App., Nashville, Nov. 29, 1999). This Court held that, if the facts alleged by the petitioner were true, habeas corpus relief would not be available even though the sentences were void because the habeas court, which was not the same court as the sentencing court, did not possess the power under its habeas corpus jurisdiction to allow the withdrawal of the guilty pleas or correct the illegal sentences. Id. at * 2. Our supreme court disagreed. The supreme court concluded that the petitioner's sentence was subject to being set aside at any time if the facts established that the sentence imposed by the trial court was in direct contravention of the statute. McLaney, 59 S.W.3d at 94 (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000)). The court also noted, however, that habeas corpus relief would be available only if it was evident on the face of the judgment or the record of the underlying proceedings that the sentence was illegal. Id. Although the petitioner in McLaney apparently did not present proof that he was, in fact, on bail during the commission of the subsequent offenses, the supreme court decided it was error for the habeas court to *summarily* dismiss the petition. Id. Our supreme court stated:

> The trial court in this case, finding no clear proof in the documents submitted with the petition that the sentence was void, dismissed the petition. Had McLaney been represented by counsel, we would find no error in this dismissal. Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits. Indeed, McLaney filed a motion for appointment of counsel and clearly had a right to appointed counsel if the trial court found him to be indigent. Tenn. Sup. Ct. R. 13, § 1(d)(4); Tenn. Code Ann. § 8-14-205 (1997). Under these circumstances, the trial court erred in failing to consider the motion for appointment of counsel prior to dismissal of the case.

Id. (footnote omitted). The supreme court remanded the case to the habeas court for appointment of counsel and a determination of whether the petitioner was on bail when he committed the latter offenses. Id. at 95. The court stated that if the record of the underlying convictions showed the petitioner was on bail, "then the sentence is void and the habeas corpus court is mandated by statute

to declare it so." Id. at 94. The habeas corpus court would then transfer the case to the convicting court to decide whether the petitioner's guilty pleas were knowing and voluntary. Id. at 95.

The State, in its brief in the present case, contends the trial court properly denied habeas corpus relief because the Petitioner failed to meet his initial burden of demonstrating that his sentence is illegal and void. The State notes that the Petitioner relies upon the holding in McLaney in support of his claim, however, the State neglects to distinguish the facts in this case from the facts in McLaney. Similarly, the habeas corpus court cited McLaney in its dismissal order but failed to comment on the Tennessee Supreme Court's specific holding. Given the similarities between McLaney and the case currently before this Court, we must reach the same result our supreme court reached in McLaney. We are also guided in our decision by this Court's rulings in other similar appeals which arose following McLaney. See, e.g., Charles G. Summers v. State, No. M2004-02806-CCA-R3-HC, 2005 WL 1950298 (Tenn. Crim. App., Nashville, Aug. 12, 2005); Gregory Eidson v. State, No. M2005-00150-CCA-R3-HC, 2005 WL 1353310 (Tenn. Crim. App., Nashville, Jun. 8, 2005); Kelvin Wade Cloyd v. State, No. E2004-02283-CCA-R3-HC, 2005 WL 1330842 (Tenn. Crim. App., Knoxville, Jun. 6, 2005); Anthony K. Goods v. Tony Parker, Warden, No. W2003-02914-CCA-R3-HC, 2004 WL 2309901 (Tenn. Crim. App., Jackson, Oct. 13, 2004); Dewayne Cathey v. State, No. W2003-00411-CCA-R3-CO, 2004 WL 1686869 (Tenn. Crim. App., Jackson, Jul. 28, 2004); Robert A. Atkins v. James M. Dukes, Warden, No. W2001-01311-CCA-R3-CD, 2002 WL 1558511 (Tenn. Crim. App., Jackson, Jan. 8, 2002).

## CONCLUSION

Accordingly, the judgment of the trial court summarily dismissing the petition for a writ of habeas corpus is reversed, and this case is remanded to the Criminal Court of Davidson County for appointment of counsel and an evidentiary hearing in accordance with McLaney. If, following the hearing, the trial court determines that Petitioner's sentences are void, the court must then remand the case to the Criminal Court of Shelby County for further proceedings consistent with McLaney.[1]

_____
DAVID H. WELLES, JUDGE

---

[1] If this matter is eventually remanded to the Shelby County Criminal Court, that court shall determine, depending on whether or not the guilty pleas are withdrawn, if the Petitioner shall be released on bail or remain in custody pending further proceedings on the petition. See McLaney, 59 S.W.3d at 94-95 (citing Tenn. Code Ann. §§ 29-21-122 and 123).