# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE


## MICHAEL DWAYNE EDWARDS v.  STATE OF TENNESSEE

**Circuit Court for Hickman County**
**No. 06-5020C**


**No. M2006-01043-CCA-R3-HC - Filed February 15, 2007**


## ORDER DENYING PETITION TO REHEAR


Pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure, the State of Tennessee, through the Attorney General, requested rehearing of the opinion filed in this case on January 17, 2007, which reversed the trial court's summary dismissal of the petition for writ of habeas corpus and remanded the case for the appointment of counsel and an evidentiary hearing related to the allegation that the petitioner's sentence was illegal due to an improper offender classification.

The state argues that the petition was properly dismissed because, even if true, the illegal range determination would render the petitioner's sentence merely voidable, not void.  As cited by the state:

> If the court rendering a judgment has jurisdiction of the person, the subject-matter, and *has the authority to make the challenged judgment*, the judgment is voidable, not void; and the challenged judgment may not be collaterally attacked in a suit for habeas corpus relief.

Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994)(ineffective assistance of counsel allegation not proper subject of habeas proceeding because such allegation renders the judgment only voidable)(emphasis added). This court acknowledges the holding of Passarella but finds that the state's reliance on it is misplaced.  "[A] trial court's jurisdiction with regard to sentencing is limited by [l]egislative enactments." McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000)(length of plea bargained sentence that exceeded that which was provided for in the 1989 Sentencing Act was illegal).  Therefore, if a trial court imposes a sentence in contravention of a statute, it is without authority to do so and the judgment may be collaterally attacked in a habeas corpus proceeding .  As stated in this court's opinion, "a sentence imposed in direct contravention of a statute is void and illegal." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).  The state cites McConnell for the proposition that offender classification and release eligibility are non-jurisdictional.  However, the

state misconstrues the holding of <u>McConnell</u> in which the supreme court actually commented that the use of offender classification and release eligibility *as subjects of plea bargaining* are non-jurisdictional. In other words, release eligibility offender classification can be the subject of plea negotiations and agreed to by a defendant provided that the sentence imposed is within the statutory authority of the sentencing act. Unlike the situation described in <u>McConnell</u>, the challenged judgment in this case resulted from a sentence imposed by the trial court after a jury conviction. The impact of our supreme court's holdings in the arena of habeas corpus litigation is that if a petitioner alleges that he is imprisoned by virtue of an illegal judgment with pertinent documentation in support of the allegation and the legality of the judgment can be determined by reviewing the trial court record supporting the judgment, the petition should not be dismissed without a hearing. <u>Charles G. Summers v. State</u>, No. M2004-02806-SC-R11-HC (Tenn. Jan. 23, 2007). For all these reasons, we find that the petition sufficiently raised an issue regarding the legality of the sentence and that the trial court should have appointed counsel and conducted an evidentiary hearing on the merits of the petition.

As a procedural point, the state alleges that clarification is needed regarding our instructions on remand. The petition for habeas corpus relief alleges an improper offender classification due to the trial court's reliance upon an inapplicable conviction and the petitioner attached pertinent documents from the record of the underlying proceedings to support his factual assertions. We held in our opinion that it was error for the trial court to have summarily dismissed the petition and remanded the case for the appointment of counsel and an evidentiary hearing to determine whether the petitioner's offender classification was improper. <u>See</u> <u>McLaney v. Bell</u>, 59 S.W.3d 90, 92-95 (Tenn. 2001)(petition sufficiently raised issue of illegal concurrent sentences imposed for offenses committed while on bail but trial court summarily dismissed the petition and the supreme court remanded for appointment of counsel and evidentiary hearing on merits). This court cannot discern how any further clarification is necessary.

For the foregoing reasons, the petition to rehear is denied.

Costs of the appeal are taxed to the State of Tennessee.

**PER CURIAM**
<u>D. Kelly Thomas, Jr., Judge</u>
<u>David G. Hayes, Judge</u>
<u>Alan E. Glenn,  Judge</u>

<u>D. Kelly Thomas, Jr., Judge</u>
For the Court